JOHN DOE AND AMERICAN FIRE AND CASUALTY COMPANY,
Plaintiffs in Error,

*v.*

MRS. EVE SIDES, TRYNA SIDES AND PAMELA SIDES,
Defendants in Error.

432 S.W.2d 889.

(*Nashville,* December Term, 1967.)

Opinion filed October 11, 1968.

WATKINS, MCGUGIN & STEWART, Nashville, for plaintiffs in error.

WILLIAM J. PEELER, Waverly, and GOODPASTURE, CARPENTER, WOODS & COURTNEY, Nashville, for defendants in error.

PER CURIAM.

We granted certiorari in this case to review the opinion of the Court of Appeals made an appendix hereto.

The only question the Court had in mind to consider was whether or not the error relied on in the Court of Appeals opinion for reversal was a harmful error.

At the argument of the case at the bar of the Court, counsel for American Fire and Casualty Company stated to the Court that unless the Court was of opinion the trial court and the Court of Appeals were in error in not sustaining its contention the suit had to be brought in Virginia, under the Virginia Uninsured Motorists Statute, (that being the only state with jurisdiction to

try the case) American Fire and Casualty Company was content with the judgment as pronounced, and did not seek a reversal.

Counsel for the original plaintiffs likewise indicated satisfaction with the judgment of the Circuit Court.

██ Being of the opinion both the trial court and the Court of Appeals correctly decided that the action could be brought in the State of Tennessee on the Uninsured Motorist Clause of the insurance policy and that the Circuit Court of Humphreys County had jurisdiction to entertain such suit, in consideration of the announcement to the Court by counsel for American, the judgment of the Court of Appeals is set aside, and the judgment of the Circuit Court is affirmed. American's counsel had the right to concede the validity of the judgment of the Circuit Court of Humphreys County, with the proviso and exception stated., So, judgment will be entered here affirming the judgment of the Circuit Court of Humphreys County.

## OPINION

### The Case

SHRIVER, Presiding Judge.

The parties will be referred to as plaintiffs and defendants as they appeared below.

This is an appeal from judgments of $8,000.00, $500.00 and $500.00 rendered by the Circuit Court of Humphreys County, Tennessee, against American Fire and Casualty Company, defendant below.

These three suits were filed in the Circuit Court of Humphreys County, pursuant to uninsured motorists

coverage under a policy of insurance issued by American Fire and Casualty Company. Said suits are predicated on the Virginia Uninsured Motorists Statute, Virginia Code Annotated 38.1-381, and arose from an accident between the automobile occupied by plaintiffs and an unidentified vehicle driven by an unknown hit-and-run driver. Since the driver of the other vehicle was unidentified, plaintiffs chose to proceed in a John Doe action as prescribed by the Virginia statute.

Since the statutes of Tennessee do not provide for a John Doe action, defendants filed pleas in abatement to the proceedings and the Trial Judge sustained the plea of John Doe but permitted plaintiffs to proceed directly against American Fire and Casualty Company, which procedure it is insisted by the plaintiffs-in-error, is contrary to the Virginia statute as interpreted by the Virginia Courts.

American Fire and Casualty Company filed separate pleas in abatement to the amended declarations which pleas were overruled and, subsequently, demurred to but the demurrer was also overruled.

The plea in abatement for John Doe in substance was that the suit could not be maintained because this procedure is unknown in Tennessee and is a creature of a Virginia statute where the policy of insurance was issued. For the insurance company the plea in substance was that, under the law and statute of Virginia relied on by plaintiffs, suit could not be maintained against the defendant Insurance Company until liability was first established against the unknown driver.

The Court sustained the plea as to John Doe, as hereinabove stated, but overruled it as to the Insurance Com-

pany, whereupon, the declaration was amended leaving out John Doe and setting up the facts of the accident and the grounds of liability of the defendant Insurance Company under its policy.

At the trial, however, the Court instructed counsel to omit any reference to the defendant Insurance Company or to insurance but instead to refer to and proceed with the case referring to the defendant as the unknown driver, John Doe, for the purpose of trial and the determination of liability of said unknown driver. This was done to prevent any prejudice resulting to the defendant from the mentioning of insurance.

The jury found the unknown driver liable and fixed the damages. The Court thereupon entered judgment against the defendant Insurance Company in the amount fixed by the jury against the unknown driver without submission of that question to the jury in any form although no waiver of the jury appears in the record.

From the action of the Court in the foregoing particulars the defendant Insurance Company appealed and has assigned errors.

### The Facts

The appellees, Mrs. Eve Sides and her two daughters, were residents of Virginia, travelling through Tennessee toward Texas on January 26, 1963, when involved in an automobile accident in Humphreys County. The other vehicle involved in the accident was never identified, so that these ladies who sustained injuries in the accident instituted suits against the Insurance Company and the unknown motorist, as John Doe, under their insurance policy which provides such coverage, and the Uninsured Motorist Statute of Virginia.

It is stated by counsel for the Insurance Company in their brief and argument that defendant has never questioned the validity of the Virginia Uninsured Motorist Statute or the fact that it applies to accidents occurring outside of the State of Virginia, these facts being clearly established by the decisions of the Virginia Supreme Court and various Federal Courts. Defendant does insist, however, that the Virginia statutory procedure of bringing suit against an unknown person, while enforcible in the Courts in Virginia, cannot be enforced in other states where there is no uninsured motorist statute or machinery for such procedure.

As is alleged in the declarations and shown by the proof, the plaintiffs were driving West on U. S. Highway 70 a few miles West of Waverly, Tennessee, when they attempted to pass an automobile pulling a trailer. As they were in the act of passing, the driver of the other car caused the trailer to sway over the center line of the highway thus causing the collision and wreck in which all three plaintiffs were injured. It was pointed out in the course of the proceedings that the declarations of plaintiffs, as amended, relied on the provisions of the Virginia Uninsured Motorists Statute and that said statute prohibits a direct action against an insurance carrier until legal liability is established against the uninsured motorist or the hit-and-run driver, which is also provided for.

There was a general issue plea of not guilty on the part of the Insurance Company and the suits were brought to trial February 15, 1967. As above stated, the Trial Judge directed that the suit proceed against the unknown driver, John Doe, and instructed counsel to refrain from mentioning the matter of insurance during the trial. This

procedure was objected to by the defendants but their objections were overruled.

In the testimony plaintiffs stated that they were driving about 40 miles per hour when the accident occurred as the result of the unidentified driver causing the trailer to swerve to its left striking the side of the plaintiffs automobile.

There was some testimony concerning the condition of plaintiffs automobile following the accident and there was some question as to whether or not there was actual contact between their car and the unidentified trailer.

The case was submitted to the jury on the question of liability of the unknown driver and, as aforesaid, the jury assessed damages against the unknown driver, John Doe.

Thereupon, the Court instructed counsel for plaintiffs to draw decrees rendering judgment against the American Fire and Casualty Company in the amounts fixed by the jury against the unknown driver.

## Assignments of Error

There are ten assignments of error which we will not set out separately. They challenge the action of the Court in overruling the plea in abatement of American Fire and Casualty Company and charge error on the part of the Court in sustaining the action predicated on the Virginia Uninsured Motorists Statute since, contrary to its provisions, the insurance carrier was named as a party defendant before obtaining a judgment against the uninsured motorist. The action of the Court in overruling the demurrer is challenged and it is pointed out that John Doe was not before the Court by service of process, or

substituted process, and had been discharged on a plea in abatement before the trial although the trial proceeded as though John Doe were a party.

Error is charged in that there was no evidence against the American Fire and Casualty Company. Error is also charged in the admission of certain testimony of plaintiffs as being based on speculation and conjecture.

## Our Conclusions

The authorities are clear that contracts made under the laws of a sister state will be enforced in Tennessee but matters respecting procedure depend upon the law of the forum. *Robinson v. Queen,* 87 Tenn. 445, 11 S.W. 38, 3 L.R.A. 214; *Magnolia Petroleum Co. v. Hunt,* 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 and other cases.

Under the Virginia Uninsured Motorists Statute, as construed by Virginia Courts, a John Doe action is an action ex delicto and judgment must first be rendered against the unknown or hit-and-run driver before the action may proceed against the insurance company. *Rodgers v. Danko,* 204 Va. 140, 129 S.E.2d 828; *O'Brien v. Government Employees Insurance Co.,* 3 Cir., 372 F.2d 335.

However, as is pointed out in *Robinson v. Queen,* supra, comity goes no farther than to require the recognition and enforcement of the law of the place of the contract, leaving to the state called upon to enforce such law the use of its own forms and machinery as far as the same can be adapted to the end in view.

The rule is stated in 16 Am.Jur.2d, Sec. 75, Pages 120-123, that while the obligation of contract, whenever it exists, is always to be protected, yet that which is merely

a matter of process or remedy is to be governed and regulated by the laws of the place where the remedy is sought, and the inhibition against the constitution will not be held to apply where there is a change in the form of the remedy, merely, or a modification of it.

Again in *Hodgson v. Doe*, 203 Va. 938, 128 S.E.2d 444, 447 (1962) it was said that the obligation of the insuror to pay damages caused by an uninsured motorist, including a hit and run driver, is not confined to accidents happening in Virginia. The contract the insurance company makes with the insured is to protect him against the uninsured motorist and is protection for which the insured has paid an additional premium and "Liability under the statutory endorcement exists even * * * in a State which has no uninsured motorist law like that of Virginia."

The Court then goes on to say:

"Since John Doe is a fictitious person and has no place of abode apart from the insurance company and since notice of the action must be served on the insurance company which defends the action in the name of John Doe, it may reasonably be concluded, for the purpose of venue, that the action may be treated as being against the real defendant, the insurance company, and thus permit the plaintiff to have the protection for which he has paid. We hold, therefore, that the venue for the John Doe action, which is not specifically fixed by the uninsured motorist law, is to be determined under the general venue statutes as if the action * * * were against the insurance company itself."

In *Schleif v. Hardware Dealers Mutual Fire Insurance Company*, 218 Tenn. 489, 404 S.W.2d 490 (1966), in an

opinion by the late Mr. Justice Weldon White, the Supreme Court of Tennessee held that a suit under the standard uninsured motorist automobile policy is an action ex contractu rather than one ex delicto, even though the insured under the terms of the contract must show that he is entitled to recover damages from the owner or operator of an uninsured automobile as a prerequisite to a recovery against the insurance company.

The Virginia statute merely provides a substitute method of service of process and the Insurance Company, which is the party in interest and ultimately liable speaks and defends the action through and in the name of John Doe. By accepting the risk under this coverage it appears that the insurance company received an additional premium from the named insured and became entitled to share in the uninsured motorists fund created by the statute requiring persons registering an uninsured vehicle to pay a fee of $15.00 a year. Hence, it is argued to permit the insurance company which is allowed to file pleadings and have control of the proceedings through a John Doe action to escape liability would be to allow it to escape a risk which it has accepted and by which it would, thus, be unjustly enriched.

Upon the establishment of liability on the part of the unknown driver of the car, we think the defendant Insurance Company under its contract of insurance should respond in damages to these plaintiffs. On the other hand, we are convinced that it was error on the part of the Trial Judge to withhold from the jury the identity of the named defendant, American Fire and Casualty Company, and, after having sustained the plea in abatement of John Doe, to, nevertheless, have the case tried before the jury as a John Doe action. Then further, after a verdict

was brought in by the jury against John Doe, or the unknown driver, the rendering of judgment on that verdict against the Insurance Company.

In other words, it seems to us that a frank and fair disclosure, in any case, is required both as to the subject matter and as to the parties involved unless there is compelling reason to the contrary. It is conceivable that if the jury had known the identity of the defendant against whom the judgment was being rendered, their verdict might have been different than it was. For example, some jurors might very well have entertained the idea that since the defendant unknown driver had never been found or identified, a verdict against such an unknown and unidentified person was more or less a formality with little likelihood of recovery on such a judgment and, therefore, may have rendered a larger judgment than they would have, if they had known the identity of the real defendant in the case.

Since our Supreme Court in *Schleif v. Hardware Dealers Mutual Fire Insurance Co.,* supra, held that an action under this kind of coverage is an action ex contractu as distinguished from the Virginia cases holding it to be an action ex delicto, we see no good reason for withholding from the jury the identity of the Insurance Company defendant.

It results that we remand this case to the Trial Court for a new trial in which, under proper instructions, the case shall proceed against the defendant Insurance Company but with the question of liability or nonliability on the part of the unknown driver being submitted to the jury as a special issue for its determination and verdict and if liability against the unknown driver is found the

jury shall also consider the question of recovery against the defendant Insurance Company and the amount of such recovery within the policy limits. See *Harbison v. Briggs Bros. Paint Mfg. Co.*, 209 Tenn. 534, 354 S.W.2d 464.

Reversed and remanded.

Puryear and Todd, JJ., concur.