Clarice Nettie STORY and Robert Story, Plaintiffs-Appellees,

v.

SOUTHERN FIRE AND CASUALTY COMPANY, Defendant-Appellant.

Court of Appeals of Tennessee, Middle Section.

June 27, 1975.

Certiorari Denied by Supreme Court Sept. 15, 1975.

Robert L. Littleton and William M. Leech, Sr., Dickson, for plaintiffs-appellees.

William F. Carpenter and Richard D. Speight, Nashville, for defendant-appellant.

## OPINION

SHRIVER, Judge.

### The Case

This suit involves damages received in an automobile collision where there was an unidentified hit-and-run driver and where policies of insurance issued by each of the defendant companies contained provisions for uninsured motorist protection.

The declaration filed herein states that plaintiff, Clarice Nettie Story, sued the defendants, Claudine B. Sessler and Lucille Sessler, Aetna Life and Casualty Insurance Company and Southern Fire and Casualty Company, for $75,000.00 damages and for cause of action avers:

That plaintiff, on or about December 20, 1969, was riding in a 1967 Ford automobile owned by Lucille Sessler and registered in her name, and being driven by Claudine Sessler with the owner's consent; that at about 5:00 o'clock in the afternoon, while proceeding in the direction of Ashland City, on Highway 12, near the Davidson-Cheatham County line, just inside Cheatham County, a car proceeding in the opposite direction at a high and reckless rate of speed was approaching them; that defendant Claudine B. Sessler failed to keep a proper lookout and, as a result of her negligence combined with the negligence of the driver of the car meeting plaintiff, the two cars collided; that the driver of the car meeting the plaintiff is unknown to her since the vehicle, after the collision, never stopped at the scene of the accident; that said car being driven by an unknown party at a high, dangerous and reckless rate of speed and partly on plaintiff's side of the road collided with and side-swiped the automobile in which plaintiff was riding, causing it to go off of the road, striking a guard rail and jumping over same and down a steep embankment, finally coming to rest near the highway.

The declaration describes plaintiff's injuries to her knees, legs, hips, shoulder, back and pelvis, along with numerous fractures, bruises and contusions to her entire body.

### Narrative Bill of Exceptions

The Narrative Bill of Exceptions sets forth the facts and the proceedings in this case in a clear and succinct manner. Said Narrative Bill is as follows:

### "NARRATIVE BILL OF EXCEPTIONS

On November 16, 1970, the original declarations in these cases were filed. The defendant Southern Fire and Casualty Company was named as a defendant, as were Claudine B. Sessler, Lucille Sessler, and

Aetna Life and Casualty Insurance Company. Service of process was obtained on all named defendants.

The declarations were divided into three counts. The first two counts consisted of actions wrainst the defendants Sessler for damages arising from a certain automobile accident on December 20, 1969. These counts also alleged that the injuries received and damages incurred by the plaintiffs were the direct and proximate result of the negligence of an unidentified hit-and-run driver.

The Third Count consisted of a suit directly against Southern Fire and Casualty Insurance Company, the Story's insurer, and Aetna Life and Casualty Insurance Company, the Sessler's insurer, under the Uninsured Motorist coverage on each policy, and more particularly under the 'hit-and-run' coverage.

The policy issued to the plaintiffs by Southern Fire and Casualty Company is attached hereto as Exhibit No. 1, and the policy issued to the Sesslers by Aetna Life and Casualty Company is attached hereto as Exhibit 2.

The defendant Southern Fire and Casualty Company answered on December 19, 1970, withdrew that answer on January 15, 1971, partially on the grounds that its policy provided that under the facts alleged its uninsured motorist coverage would be excess over the Aetna Life and Casualty policy. The defendants Sessler moved to strike the Third Count on January 11, 1971, and the defendant Aetna Life and Casualty demurred to the declaration on the grounds of misjoinder of the Third Count on that same date. All of the demurrers and motions were argued on January 15, 1971, and on July 1, 1971 an order was entered overruling the demurrers, and noting the exceptions of the defendants.

The defendants then all filed pleas to the merits, putting the case at issue.

On May 22, 1972 the case came on to be heard before the Honorable J. H. Spencer, Judge. Prior to the selection of a jury, the defendants Southern Fire and Casualty and Aetna Life and Casualty moved to sever the Third Count, with plaintiffs' consent. This motion was granted, and the Third Count severed. The defendant Southern Fire and Casualty then elected not to offer a defense on behalf of the hit-and-run motorist. Richard D. Speight, counsel for this defendant, remained in the courtroom, but did not participate in the defense.

At the conclusion of all the proof the Court granted the plaintiffs' motion to instruct the jury that the unknown, unidentified uninsured motorist was guilty of negligence which was the direct and proximate cause of the accident, and the jury was instructed accordingly. The Court further directed a verdict against the plaintiffs and in favor of the defendant Lucille Sessler. The Court instructed the jury that even if they found for the defendant Sessler and against the plaintiffs, they should assess the damages to which the plaintiffs were entitled. After the Court's instructions were concluded the jury retired to deliberate, and after fifteen minutes of deliberation the jury returned a verdict in favor of the defendant Claudine Sessler. An order memorializing the action of the jury was entered on June 20, 1972.

A transcript of the Court's charge and the jury verdict is attached hereto as Exhibit No. 3 to this Bill of Exceptions, and made a part hereof.

At the conclusion of the events transcribed on Exhibit 3 above, plaintiffs' counsel, Robert Littleton, was asked by the Judge what he wanted the Court to do about the jury's failure to return an amount of damages. Littleton advised the Court that he did not know, and that he did not want to take advantage of the parties representing Southern Fire and Casualty since their case had been severed. Therefore, the Court should do whatever it thought best.

On June 17, 1972 plaintiffs filed a motion for a new trial, with six grounds. The first

five are not pertinent to the appeal. Ground No. 6, however, reads as follows:

'6. Because the jury failed to return a verdict in keeping with the instructions of the Court; and, further, because the jury failed to follow the instructions of the Court as to its deliberations and as to its arrival at its verdict.'

On November 21, 1972, an order was entered taking a voluntary non-suit as to the defendant Aetna Life and Casualty Company. On that same date, the following order was entered:

'By consent of the parties, as evidenced by the signatures of counsel, it is ORDERED and ADJUDGED by the Court that the motions for a new trial, heretofore filed in behalf of Robert Story and Clarice Nettie Story, in their negligence suits against the defendants, Claudine Sessler and Lucille Sessler be, and the same hereby are overruled.

/s/ J. H. SPENCER
JUDGE'

On February 5, 1974, the defendant Southern Fire and Casualty Company filed a motion to dismiss pursuant to Rule 12.02, Tennessee Rules of Civil Procedure, asking that the case against Southern Fire and Casualty Company be dismissed on five grounds. Then, on August 19, 1974, the Court issued a Memo Opinion sustaining the sixth ground of the plaintiffs' motion for a new trial filed on June 17, 1972. An order was entered pursuant to this Memo Opinion on September 6, 1974, ordering that a new trial be granted and a jury empanelled to hear the question of damages only. On September 11, 1974 the defendant Southern Fire and Casualty Company moved the Court that the Opinion of August 19, 1974 and order of September 6, 1974 be set aside, and further moved that the Court dispose of its motion to dismiss filed on February 5, 1974, which was still pending.

This defendant's motions were argued on September 16, 1974 and on October 1, 1974 an order was entered overruling those motions for the reasons stated therein, and noting the exception of this defendant to that action.

On October 2, 1974, this cause again came on to be heard upon the issue of damages. At that time the Court entered an order amending the original order entered pursuant to the jury's verdict, and further amending the order granting a new trial. On that date the parties entered into a certain stipulation of facts, stipulating the following:

1. Plaintiffs' damages exceed the maximum amount recoverable under the Uninsured Motorist coverage, $10,000.00.

2. Plaintiffs were paid $5,000.00 by Aetna Life and Casualty under their Uninsured Motorist coverage.

3. Plaintiff is entitled to an award of $10,000.00, and if this award is assessed against the defendant Southern Fire and Casualty Company, that Company is entitled to a credit of the $5,000.00 paid by Aetna Life and Casualty Company.

An order was accordingly entered on October 15, 1972 awarding a judgment in favor of the plaintiff and against the uninsured, unidentified motorist for $10,000.00. Southern Fire and Casualty Company moved for a new trial on all issues heretofore raised, and that motion was denied. Because of the stipulation, it was not necessary to empanel a jury to assess the damages, but all defenses available to the defendant Southern Fire and Casualty Company, including the validity of assessing damages under the circumstances of this case, were expressly reserved.

The foregoing statements of fact constitute a chronology of the events in this case, and a narration of all of the salient facts which are material to this appeal. These facts are stipulated as being true and are not disputed by any party, and are submitted to this Court for a determination of the issues raised herein.

/s/ ROBERT L. LITTLETON    /s/ WILLIAM M. LEECH
P.O. Box 396, Dickson, Tenn.    P.O. Box 396, Dickson, Tenn.
ATTORNEYS FOR THE PLAINTIFFS

GOODPASTURE, CARPENTER, WOODS & SASSER
600 American Trust Bldg., Nashville, Tenn.

/s/ Wm. F. Carpenter        /s/ Richard D. Speight
ATTORNEYS FOR THE DEFENDANT"

On the date of the accident, Aetna Life and Casualty Insurance Company had in force and effect a policy of liability insurance issued to Lucille Sessler covering the vehicle involved in the accident and applicable to the plaintiff, Mrs. Story. This policy, as hereinabove noted, contained a provision for uninsured motorist protection. Also, on the date of the accident, Southern Fire and Casualty Company had in full force and effect a policy of liability insurance issued to Robert E. Story which covered plaintiff and this policy likewise contained a provision for uninsured motorist protection.

Both of the above policies had minimum limits of $10,000.00 per person, as required by Tennessee Uninsured Motorists Statutes, and both policies included automobiles driven by hit-and-run drivers as "insured automobiles" under the uninsured motorist coverage. Both policies also contained "Other Insurance" clauses as part of their uninsured motorist coverage and, in the Southern Fire and Casualty "Other Insurance" provision, it is stated that the insurance under Part IV of the policy shall apply only to excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance. The language of the Aetna policy covering "other insurance" is identical to that in the Southern Fire and Casualty policy.

## Assignments of Error

There are eight assignments, the first five of which deal with the procedure followed in this case, these five assignments being as follows:

"1. The lower Court erred by holding in its Memo Opinion of August 19, 1974 and the subsequent order enforcing same entered on September 6, 1974, that the motion for a new trial filed by plaintiff on June 17, 1972 had not been disposed of by the agreed order entered by plaintiff on November 21, 1972.

2. The lower Court erred by directing in its Memo Opinion of August 19, 1974, and by ordering in its subsequent order of September 6, 1974, that ground six of plaintiff's motion for a new trial be granted and that a new trial be held on the issue of damages despite the entry of an order overruling all grounds of the plaintiff's motion for a new trial on November 21, 1972.

3. The lower Court erred in holding in its Memo Opinion of August 19, 1974 that the jury had found that the hit-and-run motorist was guilty of negligence which was the direct and proximate cause of the plaintiff's injuries, since the jury did not so hold.

4. The lower Court erred in entering an order on October 2, 1974 amending its original order of June 20, 1972 to show that judgment had been entered in favor of the plaintiff and against the hit-and-run driver when such a judgment had not, in fact, been entered on that date.

5. The lower Court erred in allowing an assessment of damages on October 2, 1974, and in entering an order awarding those damages."

The foregoing assignments will be discussed together.

In the Brief and Argument filed by counsel for Southern Fire and Casualty the events relating directly to the above five assignments are set out in chronological order and we will follow that chronology in our discussion of said assignments.

(1) On November 16, 1970, the declaration in this case was filed alleging negligence on the part of the defendant driver and the unidentified hit-and-run motorist.

(2) On May 22, 1972, a trial was held and a severance as to Count Three of the declaration which deals with the contracts of insurance was granted and a jury heard the

case against the defendants Sessler and the hit-and-run driver but did not hear any evidence with respect to the insurance contracts.

At the conclusion of the evidence the jury was instructed by the Trial Judge that the unidentified motorist was guilty of negligence and to assess damages regardless of the outcome of the cases against the defendants Sessler. However, the jury did not follow the instructions of the Court. They returned a verdict which was not against the unidentified motorist and they did not assess damages. And, it is to be noted that the Court took no action as to this omission and counsel for the plaintiffs did not request that this error be corrected at that time and the jury was discharged. It is interesting to note just what occurred with respect to the verdict of the jury.

The record shows that the jury retired at 2:30 P.M. to consider their verdict and returned at 2:45 P.M., when the following occurred:

"THE COURT: Gentlemen, have you arrived at a verdict?

FOREMAN: Yes, your Honor, we have.

THE COURT: What is your verdict?

FOREMAN: We, the jury, find Claudine Sessler, the defendant, not guilty of negligence.

THE COURT: So say you all? I don't think it's necessary to—well, all right. Well, gentlemen, I thank you very kindly and you may be excused. You won't have to come back. Members of the regular jury, I certainly thank you and I am just as appreciative as the other members of the regular jury. This is about three different weeks you have been back. Anyway, I appreciate it very much."

(3) June 20, 1972 an order was entered memorializing the verdict of May 22, 1972 but not entering judgment against the unidentified motorist, and not assessing any damages.

(4) On June 17, 1972, even prior to the entry of the written order, plaintiff filed a motion for a new trial.

It is to be noted that the plaintiff's motion for a new trial, as recorded in the Narrative Bill of Exceptions, is as follows:

"On June 17, 1972, plaintiffs filed a motion for a new trial, with six grounds. The first five are not pertinent to the appeal. Ground No. 6, however, reads as follows:

'6. Because the jury failed to return a verdict in keeping with the instructions of the Court; and, further because the jury failed to follow the instructions of the Court as to its deliberations and as to its arrival at its verdict.'

On November 21, 1972, an order was entered taking a voluntary non-suit as to the defendant Aetna Life and Casualty Company. On that same date, the following order was entered:

'By consent of the parties as evidenced by the signatures of counsel, it is ORDERED and ADJUDGED by the Court that the motions for a new trial, heretofore filed in behalf of Robert Story and Clarice Nettie Story, in their negligence suits against the defendants, Claudine B. Sessler and Lucille Sessler, be, and the same hereby are overruled.

/s/ J.H. SPENCER

                                    JUDGE' "

(5) As above noted, on November 21, 1972, an order was entered with plaintiffs' counsel's consent and signature, overruling the motion for a new trial. It is to be observed that nothing in this record indicates in any way that during the thirty days following the entry of the Court's decree overruling the motion for a new trial anything was done to withdraw, alter or amend this decree.

(6) More than two years thereafter, to-wit, on February 6, 1974, the plaintiff moved the Court to impanel a new jury to hear proof and award damages.

(7) Thereafter, on August 19, 1974, the Court entered a Memo Opinion which states that at the conclusion of all of the proof the Court directed the jury to find the uninsured motorist liable, and states:

"The jury, therefore, found the uninsured motorist was guilty of negligence which was the direct and proximate cause of the accident and found that the other defendants were not guilty of negligence. The jury did not assess the amount of damages."

Insofar as this record is concerned, it is clear that the jury did not find that the uninsured motorist was guilty of negligence which directly and proximately caused the accident. It is true that the jury did not assess damages.

The Memo then states that, thereafter, the plaintiff filed a motion for a new trial, which motion was never acted upon.

The record herein shows specifically that the motion was acted on and overruled and a decree entered to that effect.

The Memo further states that, after due and careful consideration, the Court is of the opinion that all but one ground of the motion for a new trial should be overruled, and that the sixth ground of the motion should be sustained and:

" . . . the Court was in error when the jury reported that it found the uninsured motorist guilty of negligence which was the direct and proximate cause of the accident, and should have directed that they retire and fix the amount of damages for which plaintiff was entitled."

As hereinabove stated, this record does not reflect that the jury found the uninsured motorist guilty of negligence which was the direct and proximate cause of the accident. They simply were silent on that point. They found only that the defendant driver was not guilty of negligence.

Finally, in the Memo it is stated that the Third Count of the declaration, which is an action on contract, will be continued until an ascertainment of the damages in the tort action.

Following the Memo an order was entered granting a new trial to the plaintiff for the sole purpose of determining the extent of damages sustained by the plaintiff with no reference being permitted to be made to any insurance.

Thereafter, the defendant Insurance Company filed a motion to rehear and set aside the Memo Opinion and subsequent order.

(8) The Court *entered an order on October 2, 1974* granting a new trial, which *amended its previous order of June 20, 1972,* and awarded a judgment against the unidentified motorist.

Said order of October 2, 1974 awarded plaintiffs damages in the amount of $10,-000.00 against the unnamed uninsured motorist. It was stated in said order that the defendant Southern Fire & Casualty Company was entitled to a credit for $5,000.00 against any amount which they should ultimately be held liable to pay the plaintiffs. Said credit resulted from the $5,000.00 which previously had been paid by Aetna Life & Casualty Insurance Company under its policy. Said order did not award any judgment against Southern Fire and Casualty Company.

It is insisted by the defendant Insurance Company that the Trial Judge was in error in holding that the plaintiffs' motion for a new trial had not been disposed of by the order of November 21, 1972 and in subsequently granting ground six of the motion for a new trial; in holding that the jury had found that the hit-and-run motorist was guilty of negligence; by amending the order entered following the jury verdict some twenty-eight months after the entry of the final judgment overruling the motion for a new trial; and by allowing assessment of damages and the entry of an order awarding same on October 2, 1974.

If the decree of November 21, 1972 disposed of plaintiffs' motion for a new trial, then the Court simply had no jurisdiction to take the actions which were taken after

that as hereinabove outlined, because that decree became final after the expiration of thirty days.

■ We see no escape from the conclusion that the motion for a new trial made by the plaintiffs was disposed of by the decree of November 21, 1972 and that the Court's subsequent action in undertaking more than two years later to revise, reverse or amend his order so as to grant a new trial was erroneous, hence, the assignments in this regard must be sustained. However, this does not conclude the controversy.

■ Counsel for plaintiffs make a very strong plea and persuasive argument that the procedure followed by the Trial Court in this case was correct. Counsel states that it seems to be the position of the defendant that it can never be made a direct defendant for the enforcement of its contract and that, if this position be true, then plaintiff paid for protection which it is impossible for her to get. Counsel further states that the very nature of a hit-and-run driver is the fact that he cannot be located and sued personally and that, while the statute does not make specific provision for the determination of liability where the uninsured motorist cannot be located, by reference to *Doe v. Sides,* 222 Tenn. 121, 432 S.W.2d 889, our Supreme Court has adopted the method used in the case at bar.

We deem it desirable to discuss the questions raised by counsel for plaintiff and defendant with respect to § 56–1153, T.C.A., and proper interpretation of that statute.

Section 56–1153, T.C.A., in pertinent part, provides as follows:

"*56–1153. Service upon the insurance carrier—Arbitration not required.—*Any insured intending to rely on the coverage required by §§ 56–1148—56–1153 shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party de-

fendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; provided, however, that nothing in this paragraph shall prevent such owner or operator from employing counsel of his own choice; provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record."

*Doe v. Sides,* 222 Tenn. 121, 432 S.W.2d 889, hereinabove referred to, sheds some light on the question at hand. Said case dealt with an uninsured motorist claim and involved a Virginia statute dealing with the question.

In that connection, this Court, in an Opinion which the Supreme Court saw fit to incorporate in its Opinion as an Appendix thereto, among other things, stated (p. 128, 432 S.W.2d p. 892):

"Under the Virginia Uninsured Motorists Statute, as construed by Virginia Courts, a John Doe action is an action ex delicto and judgment must first be rendered against the unknown or hit-and-run driver before the action may proceed against the insurance company. *Rodgers v. Danko,* 204 Va. 140, 129 S.E.2d 828; *O'Brien v. Government Employees Insurance Co.,* 3 Cir., 372 F.2d 335."

At another point in the Opinion it was stated:

"In *Schleif v. Hardware Dealers Mutual Fire Insurance Co.,* 218 Tenn. 489, 404 S.W.2d 490 (1966), in an opinion by the late Mr. Justice Weldon White, the Supreme Court of Tennessee held that a suit under the standard uninsured motorist automobile policy is an action ex contractu rather than one ex delicto, even though the insured under the terms of the contract must show that he is entitled to recover damages from the owner or operator of an uninsured automobile as a prerequisite to a recovery against the insurance company."

In *Glover v. Tennessee Farmers Mutual Ins. Co.,* 225 Tenn. 306, 468 S.W.2d 727, among other things, it was said:

"It is fundamental that the legal liability of one person to another can be ascertained only in an action brought against such person by the other in a court of competent jurisdiction. . . . No mere action against the insurance company to which the *known* uninsured motorist is not a party and in which could not be made a party could adjudicate this question so as to affect the legal liability of the uninsured motorist to the insured."

"It is clear that when the requirement of Section 56–1153, with respect to affording the insurance carrier the right to defend the uninsured motorist is complied with, the insurance carrier is bound by the judgment. The whole intent and purpose of the uninsured motorist act, is, in essence, to provide protection by making the insurance carrier stand as the insurer of the uninsured motorist, with two necessary consequences. (1) *The suit has to be brought against the uninsured motorist,* with the fact of insurance excluded as a possible prejudicing factor, as in any other such case; and (2) the insurance company is bound by the judgment rendered in that suit, to the extent of its policy limits, where it is afforded the statutory opportunity to defend the uninsured motorist." [Emphasis supplied] 225 Tenn., pp. 312, 313, 468 S.W.2d p. 730.

It is plausibly argued by counsel for the defendant Insurance Company that the language in *Glover* is not susceptible of more than one interpretation, that it is to the effect that in Tennessee, in order to get a judgment against an uninsured motorist that is binding on the insurance carrier, a plaintiff must sue the uninsured motorist, serve the carrier and then obtain a judgment and this was not done in the instant case.

In *Schleif v. Hdw. Dealers Ins. Co.,* supra, the Supreme Court recognized the right of the insured to sue his insuror where the uninsured motorist is unknown.

*Glover v. Tenn. Farmers Mutual Ins. Co.,* supra, unequivocally requires that liability of the uninsured motorist be established by a suit against the uninsured motorist. However, *Glover* involved a case where the uninsured motorist was known and available to be sued.

*Glover* does not mention *Schleif,* hence it must be presumed that the Supreme Court considered that the two cases dealt with distinguishable facts and therefore were not in conflict. In our view, *Schleif* is authority for direct suit against the insurer where the uninsured motorist is unknown; and *Glover* requires a suit against the known uninsured motorist.

There is good reason to advocate the "John Doe" procedure as provided by Virginia Statute and mentioned in *Doe v. Sides,* supra; however, *it is considered that this procedure should be initiated in Tennessee by statute or rule of civil procedure rather than by decision of this Court.*

The foregoing disposes of the question raised in Assignment No. 6.

■ Assignments Nos. 7 and 8 relate to action of the Trial Judge in respect to demurrer and motion to dismiss on grounds that Southern Fire and Casualty Company provided only excess uninsured motorist coverage over and above similar coverage by Aetna.

The appeal bond refers only to a "judgment . . . against an unidentified uninsured motorist."

There is no final judgment against Southern Fire & Casualty Company, and no indication of any appeal from any such judgment.

There was no prayer for or allowance of any appeal from any ruling upon said demurrer or motion to dismiss, and there is no indication of any appeal from such rulings.

Thus, the issues presented by Assignments Nos. 7 and 8 are not properly before

this Court and must be reserved pending final judgment thereon and appeal therefrom.

As we view the case, a tort suit was filed against known, insured motorists, the Sesslers. In the same suit, two insurance companies were sued upon their contract liability based upon alleged tortious conduct of an unknown uninsured motorist who could not be named as a party to the suit.

The trial of a tort action against the Sesslers was severed from the trial of the contract action against the insurance companies. Said severance was eminently fair and proper to avoid the result of presenting to a jury the issue of whether damages should be assessed against individuals (the Sesslers) or against insurance companies. As a result of said severance, the issues before the court at the first trial involved only the tort liability of the Sesslers, and the verdict of the jury was properly confined to this aspect of the case.

After the first trial and dismissal of the Sesslers, there remained plaintiffs' contract suit against the insurance companies to be decided at a future trial. At this point, the remaining undecided aspects of the case represented a typical suit of a policy holder against his insurance company for damages sustained by negligence of an unknown hit-and-run driver such as *Schleif* supra.

At this point it would have been in order to proceed with trial against the insurance companies upon the issues of negligence of the unknown uninsured motorist, proximate cause, amount of damages and obligations of defendants under their policies.

However, defendant, *Aetna* saw fit to pay $5,000.00 to plaintiffs who entered a voluntary nonsuit as to Aetna. As a result, the said undetermined aspects of the suit remained for trial against Southern Fire and Casualty Company.

Thereafter, the parties, including Southern Fire & Casualty Co., saw fit to stipulate, "Plaintiff is entitled to an award of $10,000.00." This Court interprets said stipulation to conclude the issues of negligence of the unknown, uninsured motorist, proximate cause and amount of damages. Thus, after said stipulation, the only issues remaining for resolution were and are the obligations of Southern Fire & Casualty Company under its policy and the law applicable thereto. This includes the issue presented by the motion to dismiss based upon the existence of the Aetna policy as "primary coverage."

Upon remand, the only issue for determination by the Trial Judge will be what, if any part of said agreed $10,000.00 damages should be assessed and adjudged against Southern Fire & Casualty Company in view of the provisions of its policy, the existence of the coverage of the Aetna policy, the amount paid by Aetna to the plaintiffs, the agreement, if any under which it paid, and the applicable law.

The judgment of the Trial Court is reversed and the cause remanded to that Court for a hearing and determination as to the liability of Southern Fire and Casualty Company under its contract. The costs of this appeal will be taxed equally, that is, one-half to plaintiffs-appellees and one-half to defendant-appellant.

Reversed and remanded.

TODD and DROWOTA, JJ., concur.