IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 30, 2001 Session

## THE ESTATE OF JAMES WENDELL KIRK BY YOUR ADMINISTRATOR, RANDALL LEE KIRK, ET AL. v. JAMES LOWE

Appeal from the Circuit Court for Benton County
No. 99CCV-193     C. Creed McGinley, Judge

No. W2000-02858-COA-R9-CV - Filed September 28, 2001

The Plaintiffs in this case sued "John Doe," an unknown driver, for injuries and damages resulting from the death of Plaintiffs' decedent. Process was served on decedent's uninsured motorist insurance carrier pursuant to Tennessee's Uninsured Motor Vehicle Coverage statutes. More than one year after the accident, the identity of the "John Doe" was discovered and Plaintiffs filed an amended complaint, naming him as Defendant. The Defendant moved for summary judgment on the basis that he was never an uninsured motorist, but at all pertinent times was insured, and that the one-year statute of limitations had expired. The trial court denied the motion, and we reverse.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Fred N. McLean, Paris, Tennessee, for the appellant, James Lowe.

Terry J. Leonard, Camden, Tennessee, for the appellees, Randall Lee Kirk, Administrator of the Estate of James Wendell Kirk and Onellia Kirk..

**OPINION**

Following the death of James Wendell Kirk, suit was brought by the administrator of his estate and his widow against "John Doe," an unknown driver, for injuries and damages from a vehicular accident which resulted in Mr. Kirk's death. The complaint alleges that, on or about September 4, 1998, Mr. Kirk was operating his truck in a southerly direction, traveling behind the John Doe vehicle, when the John Doe vehicle came to a sudden stop. Plaintiffs allege that Mr. Kirk took evasive action to avoid a collision with the other vehicle, and that said maneuver caused the truck which Mr. Kirk was operating to collide with a ditch and embankment. Process was properly caused to be served on Mr. Kirk's uninsured motorist carrier, Northland Insurance Company,

pursuant to Tenn. Code Ann. § 56-7-1206(a). The identity of "John Doe" was subsequently discovered to be James Lowe. Northland then moved to dismiss on the grounds that it had been served as the uninsured motorist carrier because the accident was caused by an unknown tortfeasor, that "John Doe" had been identified as James Lowe, and that James Lowe was in fact insured.

On September 27, 1999, Kirk filed a Motion Requesting Permission to Amend Complaint to add James Lowe as a party defendant. The Amended Complaint deleting "John Doe" and substituting James Lowe was filed on October 21, 1999. An Order of Voluntary Nonsuit dismissing Northland was filed on November 3, 1999.

Mr. Lowe filed a Motion for Summary Judgment on March 7, 2000. In support of the motion, Mr. Lowe submitted that Tenn. Code Ann. § 56-7-1206(e) governs only uninsured motorists and therefore was not applicable in this case, because it is undisputed that Mr. Lowe was, in fact, insured at the time of the accident. This motion was denied on June 27, 2000. In denying summary judgment, the trial court found that Tenn. Code Ann. § 56-7-1206(e) was applicable to this case, that the action was not therefore time-barred, and that the distinction between a later identified "John Doe" who was insured as opposed to uninsured was an artificial one. The trial court granted Mr. Lowe's application for a Tenn. R. Civ. P. 9 Interlocutory Appeal, noting that if this Court found that Tenn. Code Ann. § 56-7-1206 (b) and (e) did not apply to this case, Mr. Kirk's action would be time-barred and summary judgment appropriate. This Court granted Mr. Lowe's application for a Rule 9 Interlocutory Appeal.

It is clear from this record that Mr. Kirk's Amended Complaint was not filed within the one-year statutory period provided for in Tenn. Code Ann. § 28-3-104(a)(1). Further, Mr. Kirk agrees that Tenn. R. Civ. P. 15.03 regarding the relation back of amendments is not applicable in this case. Mr. Kirk argues, however, that the provisions of Tenn. Code Ann. § 56-7-1201 *et seq*., Tennessee's Uninsured Motor Vehicle Coverage statutes, apply to this case to extend the statute of limitations. Mr. Kirk submits that once the "John Doe" Complaint has been properly filed, the provisions of Tenn. Code Ann. § 56-7-1206(e) control, even if "John Doe" is identified and found to be insured.

### *Standard of Review*

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R.Civ. P. 56.04. It is appropriate when there is no dispute regarding the facts that control the application of a rule of law. *Byrd v. Hall*, 487 S.W.2d 208, 214-15 (Tenn. 1993). Upon review, the appellate court must decide anew whether summary judgment is appropriate. *Hart v. Tourte*, 10 S.W.3d 263, 268 (Tenn. Ct. App. 1999) (citing *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991)). We must view the evidence in the light most favorable to the nonmoving party, allowing all reasonable inferences in its favor and discarding countervailing evidence. *Id.* (citing *Byrd v. Hall*, 487 S.W.2d at 210-11). Since this determination is a question of law, we review the record *de novo* with no presumption of correctness regarding the trial court's determination. Tenn.

R. App. P. 13(d); **Bain v. Wells**, 936 S.W.2d 618, 622 (Tenn. 1997). When, as here, there is no dispute over the facts controlling the application of a rule of law, summary judgment is an appropriate means of deciding that issue. **Byrd**, 487 S.W.2d at 214-15.

When we are called upon to interpret a statute, as we are here, our primary objective is to effectuate the purpose of the legislature. **Lipscomb v. Doe**, 32 S.W.3d 840, 844 (Tenn. 2000) (citing **Gleaves v. Checker Cab Transit Corp.**, 15 S.W.3d 799, 802 (Tenn. 2000)). Where possible, the intent of the legislature should be determined from the natural and ordinary meaning of the words, not by a construction that is forced or which limits or extends the meaning. **Id**. (citing **Hawks v. City of Westmorland**, 960 S.W.2d 10, 16 (Tenn. 1997)).

### *Issues*

The determinant issues in this case, as we perceive them, are: Do the uninsured motorist procedures provided by Tenn. Code. Ann. § 56-7-1201 *et seq*., particularly §1206(b) (issuance of a "John Doe" warrant against an unknown motorist to come within coverage of uninsured motorist insurance provision) and §1206(e) (procedure for alias process when the uninsured motorist's whereabouts is discovered), extend the statute of limitations for personal injury actions so that an action can be maintained where a previously unknown and subsequently identified motorist is in fact insured? Or are the procedural provisions of Tenn. Code. Ann. § 56-7-1206(b) and (e) applicable only when the "John Doe" motorist is uninsured? Second, does the one-year statute of limitations for personal injury actions codified in Tenn. Code Ann. § 28-3-104(a)(1) bar Appellees' lawsuit?

For the reasons stated below, we hold that Tenn. Code Ann. § 56-7-1206(e) pertains exclusively to uninsured motorists. It is not applicable to the case at bar, where the motorist is in fact insured. The provisions of section 56-7-1201 *et seq*. therefore do not apply to this fact situation to extend the one-year statute of limitations for personal injury actions as codified at Tenn. Code Ann. § 28-3-104(a)(1). Appellees admit that their Amended Complaint was not filed within the one-year statutory period. Appellant and Appellees agree that the Relation Back amendment of Tenn. R. Civ. P. 15.03 is not applicable in this case. Therefore, as a matter of law, this claim is time-barred by the one-year statute of limitations.

### *Applicability of Tenn. Code Ann. 56-7-1201 et seq*.

Uninsured Motor Vehicle Coverage is governed by section 56-7-1201, *et seq*. The purpose of uninsured motorist insurance is to protect individuals who sustain injuries caused by uninsured motorists who cannot respond in damages. **Hoyle v. Carroll**, 646 S.W. 2d 161, 162 (Tenn. 1983). The uninsured motorist carrier does not insure the uninsured motorist against liability. Rather, it protects the insured against inadequate compensation. 15 Tenn. Juris., **Insurance**, §141. It provides this protection by making the uninsured motorist insurance carrier act as the insurer of the uninsured motorist. **Stallcup v. Duncan**, 684 S.W.2d 643, 646 (Tenn. Ct. App. 1984). Uninsured motorist coverage gives the insured motorist the protection he would have had if the alleged tortfeasor had

assumed his own financial responsibility by purchasing liability insurance. 15 Tenn. Juris., *Insurance*, §141.

Tennessee's uninsured motorist statute has never authorized an insured to bring suit directly against the uninsured motorist insurance carrier when the identity of an insured motorist was known. *Glover v. Tennessee Farmer's Mut. Ins. Co.*, 468 S.W.2d 727 (Tenn. 1971). However, in *Story v. Southern Fire and Casualty Company*, direct action against an insurance carrier was permitted where the identity of the uninsured motorist was unknown. *Story v. Southern Fire and Cas. Co.*, 532 S.W.2d 277, 285 (Tenn. Ct. App. 1975). In *Story*, this Court stated: "There is good reason to advocate the 'John Doe' procedure . . . however, it is considered that this procedure should be initiated in Tennessee by [the legislature]." *Id*. Subsequent to *Story*, in 1984, the legislature amended Tenn. Code Ann. § 56-7-1201 *et seq*. to provide for situations where the motorist causing injury is unknown. The "John Doe" procedure that has been codified in Tenn. Code Ann. § 56-7-1206(b) (2000) provides:

> If the owner or operator of any motor vehicle which causes bodily injury or property damage to a person insured under this part is unknown and if such insured satisfies all of the requirements of § 56-7-1201(e), should suit be instituted the insured shall issue a John Doe warrant against the unknown owner or operator in order to come within the coverage of the owner's uninsured motorist policy. If the uninsured motorist's identity and whereabouts is discovered during the pendency of the proceeding, the provisions of subsection (e) shall govern the proper course of action following such discovery.

The purpose of Tenn. Code Ann. § 56-7-1206(b) is to provide a uniform process for bringing suit when the identity of an uninsured motorist is unknown, so as to conform with the procedure where the identity of the insured motorist is known. *Lewis v. Memphis Fire Ins. Co.*, No. 1108, 1987 WL 14291,*2 (Tenn. Ct. App. July 21, 1987); *Gray v. Nationwide Mut. Ins. Co.*, Shelby Law No. 65, 1989 WL 11739, *2 (Tenn. Crim. App. Feb. 15, 1989).

Section 56-7-1206(e) provides:

> In the event the uninsured motorist's whereabouts is discovered during the pendency of the proceedings, an alias process may issue against the uninsured motorist. In such a case, the uninsured motorist shall be allowed a reasonable time within which to plead to the original process, and then the case may proceed against the uninsured motorist as if the motorist was served with process in the first instance.

Tenn. Code Ann. § 56-7-1206(e) (2000).

Section (e) allowing plaintiffs to proceed "as if the motorist was served process in the first instance" has been interpreted liberally, allowing plaintiffs to by-pass the Tenn. R. Civ. P. 3 requirement that new process be issued every six months or that the action be re-filed yearly. *Little v. State Farm Mut. Ins. Co.*, 784 S.W.2d 928 (Tenn. Ct. App. 1989); *Lady v. Kregger*, 747 S.W.2d

342 (Tenn. Ct. App. 1987). However, this Court has declined to extend this interpretation to fact situations where the defendant is not, in fact, uninsured. In *Carr v. Borchers*, this Court held that to extend this interpretation to a case where the defendant was in fact insured would "require redefining 'uninsured motorists' as used in [Tenn. Code Ann.] § 56-7-1206 to include any motorist whose whereabouts is unknown." *Carr v. Borchers*, 815 S.W.2d 528, 531 (Tenn. Ct. App. 1991) Extending the Uninsured Motor Vehicle Coverage statute to include situations in which the defendant motorist is in fact insured goes well beyond the plain meaning of the statute or the purposes as described above. As stated in *Carr*, the prerogative of expanding the statute to include situations where a motorist is subsequently found to be insured belongs to the legislature. *Id*. *Carr* was decided in 1991. Since that time, the legislature has not deemed it necessary to amend the statute.

In *Lipscomb v. Doe*, the Tennessee Supreme Court addressed the sufficiency of a "John Doe" warrant where the "John Doe" was known to be one of three identifiable individuals. *Lipscomb v. Doe*, 32 S.W.3d 840 (Tenn. 2000). In holding that the insurance carrier was not prejudiced by the failure to rename the three individuals in her complaint, when the plaintiff previously had provided her uninsured motorist insurance carrier with their identities and honestly did not know which was the driver, the court held that plaintiff had fulfilled the requirements of a "John Doe" action. *Id.* at 845. The court in *Lipscomb* stated that the language of Tenn. Code Ann. § 56-7-1206 (b) evidenced an intention of the legislature to abrogate Tenn. R. Civ. P. 3 and 15 when a plaintiff seeks to amend a complaint upon discovery of a "John Doe" defendant. *Id*. at 848. The court noted that although *Lady v. Kregger* addressed only the issue of service of process under 56-7-1206(e), the reasoning of *Lady* applied equally to formal amendments of the pleadings. *Id*.

In *Lipscomb,* the court did not suggest, however, that such abrogation would apply to situations in which the defendant is in fact insured. As noted above, this Court specifically has held that the abrogation of Tenn. R. Civ. P. 3 in *Lady* does not extend to factual situations where a defendant's whereabouts are determined and the defendant is in fact an insured motorist. *Carr v. Borchers*, 815 S.W.2d at 531. Likewise, rule 15 is not abrogated in situations where the defendant motorist is, in fact, insured.

In this case, Appellant recognizes that if the uninsured motorist provisions are not applicable, his claim against Mr. Lowe is barred by the one-year statute of limitations codified at Tenn. Code Ann. § 28-3-104(a)(1). Tennessee Code Annotated § 56-7-1206 (b) and (e) have been interpreted by this Court and the Tennessee Supreme Court to apply only to factual situations where the defendant is uninsured. This interpretation is consistent with the purpose of the statute, which is to provide protection against uninsured motorists. Once a defendant is found to be insured, the provisions of the uninsured motorists coverage are no longer applicable. "[I]t would be a distortion of previous cases and of the statutes in question . . . to place within the uninsured motorist coverage a vehicle covered by valid and collectible liability insurance . . ." *Rogers v Tennessee Farmers Mut. Ins. Co.*, 620 S.W.2d 476, 479 (Tenn. 1981).

In light of the foregoing, the order of the trial court denying the motion for summary judgment is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellees, Randall Lee Kirk, Administrator of the Estate of James Wendell Kirk, and Onellia Kirk, and their surety, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE