FILED

June 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| THELMA W. KELLEY, | ) | C/A NO. 03A01-9701-CV-00031 |
| | ) | |
| Appellant, | ) | SEVIER CIRCUIT |
| | ) | |
| v. | ) | HON. BEN W. HOOPER, II, |
| | ) | JUDGE |
| JOHN E. VANCE and | ) | |
| BETTY L. VANCE, | ) | |
| | ) | AFFIRMED |
| Defendants, | ) | AND |
| | ) | REMANDED |
| and | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Appellee. | ) | |

ROBERT L. OGLE, JR., OGLE & WALLACE, P.C., Sevierville, for Appellant.

JAMES S. MacDONALD, DUNN, MacDONALD & COLEMAN, P.C., Knoxville, for Appellee.

**O P I N I O N**

Franks. J.

In this action, plaintiff seeks uninsured motorist coverage from her insurance company, and the Trial Court, responding to motion for summary judgment, granted judgment to defendant Allstate Insurance Company (Allstate). Plaintiff has appealed.

Plaintiff has raised two issues on appeal:

1. Whether the Trial Court erred in granting summary judgment holding that the insured did not comply with the terms of her insurance policy that she ?promptly send (Allstate) copies of the legal papers if a suit is brought.?

2. Whether the Trial Court erred in granting summary judgment by its ruling that the one-year statute of limitations had run as to Allstate.

The automobile accident giving rise to this case occurred on June 16, 1993, and plaintiff filed suit against the other driver on June 2, 1994, with process served on those defendants on June 6, 1994. On October 6, 1994, plaintiff obtained an order from the Trial Judge for process to issue and be served upon Allstate Insurance Company, which process was served upon the Department of Commerce and Insurance on October 12, 1994, and subsequently furnished to Allstate by the Department. Allstate moved for summary judgment on the grounds that plaintiff had failed to comply with the policy provisions and that the statute of limitations had run on an action against it.

The pertinent policy provision is:

A person seeking uninsured motorist coverage must also: . . . 2. Promptly send us copies of the legal papers, if a suit is brought.

The record reveals that the insurance company was first furnished copies of the suit papers by the State of Tennessee's Department of Insurance. In response to the motion for summary judgment, the plaintiff filed her affidavit which states:

Very shortly after my accident which occurred on June 16, 1993, I advised my insurance agent, Howard Yates, agent for Allstate Insurance Company, and complied with every request made by Allstate Insurance Company. In addition, the insurance

2

carrier paid medical expenses on my behalf incident to the accident. After suit was filed and service was had on the Defendants, I was advised by my attorney that apparently the Defendants' Vance had no insurance and upon the advise [sic] of my attorney Allstate Insurance Company was made a party to my case.

Plaintiff offers no excuse for failure to send copies of the suit papers to her insurance company, and on appeal, argues that since no prejudice has been demonstrate by the insurance company, that coverage should be afforded.

This jurisdiction has long held that conditions to be performed by the insured are conditions precedent to activating coverage under the policy. *See, e.g., Hartford Accident and Indemnity Co., v. Creasy*, 530 S.W.2d 778 (Tenn. 1975). This rule has been applied to various conditions in policies of insurance, and our courts have uniformly held that the lack of prejudice on the failure to comply with the policy provision is not grounds to excuse non-compliance with the policy provision. This Court has criticized this rule. *See North River Ins. Co., v. Johnson*, 757 S.W.2d 334 (Tenn. App. 1988). This Court had occasion to consider the condition contained in this policy in *Whaley v. Underwood*, 922 S.W.2d 110 (Tenn. App. 1995), where the delay in furnishing copies of the ?legal papers? was delayed some 27 months. Again, the Court applied the rule as required under the holdings of the Tennessee Supreme Court. As the *Whaley* court noted, we have adopted the definition of 'prompt' as discussed in 44 Am.Jur.2d Insurance 1330, which simply means that ?notice must be given within a reasonable time under the circumstances of the case.? With no other circumstances appearing in the case before us, it cannot be said that a delay of 4-1/2 months in

3

furnishing the legal papers is prompt. Accordingly, we are constrained to affirm the Trial Judge's grant of summary judgment upon the failure of the plaintiff to comply with the terms of her policy with the defendant insurance company.

We find it unnecessary to address the remaining issues, since this issue is determinative of the appeal.

The judgment of the Trial Court is affirmed, and the cause remanded with costs of the appeal assessed to the appellant.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M Goddard, P.J.



_____
Charles D. Susano, Jr., J.

4

IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

June 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| THELMA W. KELLEY, | ) | C/A NO. 03A01-9701-CV-00031 |
| | ) | |
| Appellant, | ) | SEVIER CIRCUIT |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN E. VANCE and | ) | |
| BETTY L. VANCE, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Appellee. | ) | |

O R D E R

This cause was regularly heard and considered by the court. IT IS NOW ORDERED that the judgment of the Trial Court is affirmed, and the cause remanded. The costs of appeal are adjudged to appellant, for which execution may issue if necessary.

PER CURIUM