IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 10, 2003 Session

## GARY LAMAR BUCK v. JOHN T. SCALF, ET AL.

**Appeal from the Fifth Circuit Court for Davidson County**
**No. 00C-2511    Walter C. Kurtz, Judge**

No. M2002-00620-COA-R3-CV - Filed May 20, 2003

This is an appeal from an order of the trial court granting a motion for summary judgment in favor of Hartford Underwriter's Insurance Company on the ground that plaintiff's uninsured motorist claim against Hartford is barred by the one-year statute of limitations. We reverse the judgment of the trial court and remand.

**Tenn. R. App. P. 3 Appeal as a Right; Judgment of the Trial Court Reversed and Remanded**

VERNON NEAL, Sp. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and WILLIAM B. CAIN, J., joined.

Lawrence D. Wilson, Nashville, Tennessee, for the appellant, Gary Lamar Buck.

Thomas I. Carlton, Jr., Bryan K. Williams, Nicole R. Palk, Nashville, Tennessee, for the appellee, Hartford Underwriter's Insurance Company.

**OPINION**

The plaintiff, Gary Lamar Buck, was injured in a motor vehicle accident on March 5, 1999, while driving a vehicle owned by Dorothy Taylor which was hit from the rear by a vehicle being driven by the defendant, John T. Scalf, and owned by the defendant, Kathy Garrison. At the time of the accident, the defendants were uninsured motorists within the meaning of Tenn. Code Ann. § 56-7-201, et seq. Hartford Underwriter's Insurance Company (Hartford) was the uninsured motorist carrier on Taylor's automobile and plaintiff was an insured under the terms of the policy at the time of the accident complained of.

Suit was originally filed by Buck against Scalf and Garrison on March 2, 2000. Hartford was not served with process and was not given notice of that action. An order of voluntary dismissal was entered on June 15, 2000. The plaintiff re-filed his suit on September 1, 2000, against Scalf and

Garrison in which he made a claim against Hartford for uninsured motorist coverage. A summons was issued and was served on Hartford through the Commissioner of Commerce and Insurance.

A motion to dismiss and/or for summary judgment was filed by Hartford as to plaintiff's uninsured motorist claim based on two grounds. The first ground alleged that plaintiff's uninsured motorist claim was barred by the one-year statute of limitations for personal injuries due to untimely service of process. The second ground was based upon the allegation that plaintiff failed to promptly send Hartford copies of the legal papers from the suit he filed as required by the applicable policy of insurance. Inasmuch as matters outside the record were introduced and considered by the trial court, the motion was treated as one for summary judgment. The trial court granted the motion for summary judgment on the ground that plaintiff's claim against Hartford was barred by the one-year statute of limitations and dismissed his action with prejudice as to Hartford.

The first issue to be decided is whether the trial court erred in holding that plaintiff's action against Hartford was barred by the one-year statute of limitations. If the answer to that issue is in the affirmative, then the next issue to be determined is whether Hartford is entitled to summary judgment on the ground that plaintiff failed to give timely notice of the filing of his action in this cause.

A third issue has been raised by plaintiff in this appeal in that he contends that the trial court erred in not granting his motion for partial summary judgment against Hartford. An examination of the trial record reveals that the trial court granted Hartford's motion for summary judgment barring plaintiff's claim against Hartford on the same day that he acted on plaintiff's motion for partial summary judgment. The order entered in the trial court granted plaintiff's motion for partial summary judgment against Scalf and Garrison, the uninsured motorists, but made no reference to plaintiff's motion as it may have applied to Hartford.

We hold that no decision has been made by the trial court relative to plaintiff's motion for partial summary judgment as it may relate to Hartford and that, therefore, that issue is not ripe for appeal but instead should address itself to the trial court on remand.

A summary judgment is only appropriate when the facts and legal conclusions drawn from the facts reasonably permit only one conclusion. See *Hill v. Lamberth*, 73 S.W.3d 131 (Tenn.Ct.App. 2001); *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62 (Tenn. 2001). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's granting a summary judgment and our review of the granting of summary judgment is de novo on the record before this court. See *Estate of Hamilton v. Morris*, 67 S.W.3d 786 (Tenn.Ct.App. 2001).

First, Hartford alleges that plaintiff's claim is barred by the provisions of Tenn. Code Ann. § 56-7-1206(a) which provides the method of obtaining service of process on an uninsured motorist carrier which states in pertinent part as follows:

> (a) Any insured intending to rely on the coverage required by this part
>
> shall, if any action is instituted against the owner and operator of an
> uninsured motor vehicle, serve a copy of the process upon the

insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant. Such company shall, thereafter, have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name.

In accordance with Tenn. Code Ann. § 56-7-1206 it is incumbent that suit be instituted against an uninsured motorist with service thereafter upon the insured's uninsured motorist carrier. See *Hooper v. State Farm Mut. Auto. Ins. Co.,* 682 S.W.2d 505, 507 (Tenn.App. 1984). We find no provision in Tenn. Code Ann. § 56-7-1206(a) which requires that a claim by an insured must be served upon an uninsured motorist carrier within one year from the date of a motor vehicle accident so long as the statute of limitations has not run against the uninsured motorist.

Hartford further contends that plaintiff's uninsured motorist claim is barred by the one-year statute of limitations because he failed to comply with T.R.C.P. Rule 3 which provides:

Rule 3. Commencement of Action
All civil actions are commenced by filing a complaint with the clerk of the court and action is commenced within the meaning of statute of limitations with the filing of the complaint where the process be issued or not issued and whether process be returned served or unserved. If process remains unissued for thirty (30) days or is not served within thirty (30) days from issuance regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

The plaintiff filed his original complaint against Scalf and Garrison on March 2, 2000, within the one-year statute of limitations for personal injuries. Service of process was served upon Scalf and Garrison, but no process was issued for Hartford. On June 9, 2000, plaintiff filed a notice of Rule 41 voluntary dismissal which was approved by the trial court on June 15, 2000. On September 1, 2000, plaintiff re-filed suit against Scalf and Garrison and the uninsured defendants as well as Hartford were promptly served with process.

It is uncontroverted that the plaintiff commenced his second action against the uninsured defendants in a timely manner as provided in T.R.C.P. Rule 3. Furthermore, plaintiff's cause of action against Scalf and Garrison was preserved by the Tennessee Savings Statute, Tenn. Code Ann. § 28-1-105. The purpose of the Tennessee Savings Statute is to provide a diligent plaintiff an opportunity to renew a suit that he dismissed by any judgment or decree that does not conclude the plaintiff's right of action. See *Cronin v. Howe*, 906 S.W.2d 910, (Tenn. 1995). *Cronin* further holds that the statute confers upon a plaintiff who files a second action within one year of voluntary non-

suit of the first action, the same procedural and substantive benefits that were available to the plaintiff in the first action.

The uninsured motorist carrier does not insure the uninsured motorist against liability. Instead, it protects the insured against inadequate compensation. See 15 Tenn. Juris., Insurance, § 141; *Estate of Kirk v. Lowe*, 70 S.W.3d 77 (Tenn.Ct.App. 2001). The uninsured motorist coverage issued by Hartford in the instant case provides that it will compensate an insured who is legally entitled to recover from the owner/operator of an uninsured motor vehicle.

We do not find any of the cases which Hartford relies upon for the proposition that plaintiff's uninsured motorist claim is barred by the one-year statute of limitations to be instructive. As a matter of fact, all the cases cited by Hartford involving uninsured motorist claims, wherein the uninsured motorist carrier was dismissed, are cases where the statute of limitations had run against the uninsured motorist or where process was not served on the uninsured motorist carrier. In particular, Hartford's reliance upon, *Ballard v. Ardenhani*, 901 S.W.2d 369 (Tenn.App. 1995); *Gafford v. Caruthers,* LEXIS 441 (Tenn.Ct.App. No. 01-A-01-9403-CV-00093 filed August 12, 1994); and *Eyman v. Kentucky Cent. Ins. Co.*, 870 S.W.2d 530 (Tenn.App. 1993), is misplaced. In the *Ballard* case, the court affirmed the trial court in holding that plaintiff's claim against the uninsured motorist was barred by the one-year statute of limitations and that the plaintiff's claim against the uninsured motorist carrier was barred because the uninsured motorist carrier was only liable to pay such sums as the insured was legally entitled to recover from the uninsured motorist. In *Gafford* the court held that plaintiff's claim against the uninsured motorist was barred by the one-year statute of limitations and that if the insured is not entitled to compensation from the uninsured motorist, the insured would not be entitled to compensation from the uninsured motorist carrier. In the *Eyman* case, the court addressed the issue as to whether the uninsured motorist carrier had been served with a copy of the process in the manner prescribed by Tenn. Code Ann. § 56-7-1206(a) and concluded that the uninsured motorist carrier had not been served with process as required by statute and as required by T.R.C.P. Rule 4.02 in that the summons was not dated or signed by the court clerk as required by T.R.C.P. Rule 4.02 and that the summons was deficient because it was not directed to Kentucky Central Insurance Company, the uninsured motorist carrier. None of the facts in those cases cited by Hartford are present in the instant case.

We have reviewed numerous other decisions where the claim against an uninsured motorist carrier was dismissed because the cause of action was barred against the uninsured motorist on account of the running of the one-year statute of limitations. For example, in *Cushman v. McClellan*, LEXIS 61, (Court of Appeals No. 01-A-01-9408-CV-00379 filed February 3, 1995), the court affirmed the dismissal of both the uninsured motorist and the uninsured motorist carrier because neither had been served prior to the time when the action became subject to dismissal under T.R.C.P. Rule 3. The court further held that the effect was the same as if the statute of limitations had run with respect to the defendant and that where the statute of limitations has run against an uninsured motorist, a direct action cannot be maintained against the plaintiff's uninsured motorist carrier. In *Estate of Kirk v. Lowe*, 70 S.W.3d 77 at 82, the court reversed the decision of the trial court denying defendant's motion for summary judgment and held that the one-year statute of

limitations had run against the uninsured motorist and that, therefore, plaintiff's action was barred both against the uninsured motorist and the uninsured motorist carrier. In *Winters v. Estate of Jones*, 932 S.W.2d 464 (Tenn.App. 1996), the court held that the plaintiff who, through inattention or neglect, allows a cause of action against a tort feasor to lapse is precluded from obtaining a recovery from the insurer as well.

We are unaware of any decision nor have we been cited to any decision holding that suit against an uninsured motorist carrier is barred by the statute of limitations when the action against the uninsured motorist is not barred by the statute of limitations. We are compelled to hold that plaintiff's claim against Hartford in the instant case is not barred by the one-year statute of limitations inasmuch as it is not barred against the uninsured motorists, Scalf and Garrison. The uninsured motorist coverage issued by Hartford provides that it will compensate an insured who is legally entitled to recover from the owner/operator or an uninsured motor vehicle. Based solely on the statute of limitations defense, plaintiff is legally entitled to recover from the defendants, Scalf and Garrison. While the uninsured motorist carrier does not insure the uninsured motorist against liability, the court in *Stallcup v. Duncan*, 684 S.W.2d 643, 646 (Tenn.App. 1984) stated that uninsured motorist coverage provides protection to the insured by making the uninsured motorist's insurance carrier act as the insurer of the uninsured motorist.

Based on the foregoing, we hold that the trial court was in error in granting Hartford's summary judgment motion on the issue of the one-year statute of limitations.

As an alternate ground for summary judgment, Hartford says that it is entitled to summary judgment because plaintiff failed to properly send it copies of the legal papers from this suit as required by the applicable policy of insurance. Although the trial court did not grant Hartford's motion for summary judgment on this ground, we may affirm a judgment upon different grounds than those relied on by the trial court when the trial court has reached the correct result. See *Basily v. Rain, Inc.*, 29 S.W.3d 879 (Tenn.Ct.App. 2000); *Hill v. Lamberth*, 73 S.W.3d 131 (Tenn.Ct.App. 2001).

Although Hartford was made aware of plaintiff's accident and injuries and paid him medical benefits resulting from his injuries, it is undisputed that he did not give Hartford notice of the original suit which he filed against the defendants on March 2, 2000. Default judgment was entered against the uninsured defendants in that action and subsequent thereto, plaintiff voluntarily dismissed his action without prejudice on June 15, 2000. The plaintiff re-filed suit against Scalf and Garrison on September 1, 2000, and the summons issued to Hartford on that date and was served on the Commissioner of Commerce and Insurance on either September 12, 2000, as shown by the sheriff's return or on September 20, 2000, as shown by the affidavit of the Commissioner of Commerce and Insurance.

The policy issued by Hartford provides in pertinent part:

Part E - Duties After An Accident or Loss

(B) A person seeking any coverage must:
2) Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

It has generally been held that the terms "promptly" or "prompt notice" mean that notice must be given within a reasonable time in view of all the facts and circumstances of the case. See 7 Am.Jur.2d, Automobile Insurance, § 373; *Whaley v. Underwood*, 922 S.W.2d 110 (Tenn.Ct.App. 1995); *Kelley v. Vance*, 959 S.W.2d 169 (Tenn.App. 1997).

In general, courts should construe insurance contracts in the same manner as any other contract. Tennessee recognizes the validity of conditions precedent for insurance coverage, including uninsured motorist coverage. See *Alcazar v. Hayes*, 982 S.W.2d at 848 (Tenn. 1998); *McKimm v. Bell*, 790 S.W.2d 526, 527, 528 (Tenn. 1990).

For many years, Tennessee consistently adhered to the traditional common law approach that notice is a condition precedent to recovery under an insurance policy and that there need not be any showing of prejudice. See *Alcazar*, 982 S.W.2d at 848. In *Whaley v. Underwood*, 922 S.W.2d at 113, the court held that a delay of 27 months in furnishing or sending copies of the legal papers to the uninsured motorist carrier would not be considered reasonable and was a failure to comply with the condition precedent requiring that the insured be promptly sent copies of the legal papers and, thus, barred recovery under the uninsured motorist provisions of plaintiff's policy. The uninsured motorist carrier did not receive copies of the suit papers for some 4-½ months in the case of *Kelley v. Vance*, supra. This was another case wherein the policy provision stated that the person seeking uninsured motorist coverage must also "promptly send us copies of the legal papers, if a suit is brought". The *Kelley* court held in 959 S.W.2d at 170 that it could not be said that a delay of 4-½ months in furnishing the legal papers is prompt and, therefore, affirmed the trial judge's grant of summary judgment upon the failure of the plaintiff to comply with the terms of her policy with the defendant insurance company.

Subsequent to the decisions in *Whaley* and *Kelley*, the Tennessee Supreme Court in the landmark case of *Alcazar v. Hayes*, 982 S.W.2d 845 (Tenn.1998), discussed the history of conditions precedent in insurance policies relating to notice requirements and carefully weighed the advantages and disadvantages of each of the approaches to the issue of prejudice as applied to those conditions precedent. The court looked at the State's public policy and determined that public policy disfavored the ability of an insurer to escape its contractual duties due to a technicality. The court then adopted the rebuttable presumption of prejudice rule holding that once it is determined that the insured has failed to provide timely notice in accordance with the insurance policy, it is presumed that the insurer has been prejudiced by the breach and further holding that the insured may rebut this presumption by proper and competent evidence that the insurer was not prejudiced by the insured's delay. The *Alcazar* court overruled all prior decisions which held that prejudice to the insurer is irrelevant as to whether forfeiture of an insurance contract results from the insured's breach of a notice provision. Instead, the court held that the appropriate inquiry is 1) Did the insured provide timely notice in

accordance with the contract?  2)  If not, did the insured carry its burden of proving that the insurer was not prejudiced by the delay?  The court further held that this standard would apply to all cases tried after the date of the opinion.  In *Alcazar* there was a delay of some 12 months in notifying the insurer of the occurrence of the accident and the court reversed the trial court's granting of summary judgment on behalf of the insurer holding that summary judgment was not appropriate in that case, but recognizing that summary judgment may, nevertheless, be appropriate in some circumstances.

In the instant case, some 3-½ months elapsed from the time plaintiff's initial action was commenced and the time it was voluntarily dismissed without prejudice.  Although judgment by default was entered against the uninsured motorist during that interval, Hartford was not prejudiced by the default judgment for two reasons: 1) This court has held that entry of a default judgment against an uninsured motorist does not deny the insurer the opportunity of timely defending the action in the name of the uninsured motorist.  See *Webster v. Harris*, 727 S.W.2d 248 (Tenn.App. 1987); 2)  the original action was voluntarily dismissed.  Some 6 months elapsed between the time the plaintiff's non-suited action was filed and the time Hartford was provided notice of plaintiff's second legal proceeding against the uninsured motorists.

After carefully considering the factual and legal issues involved concerning the timeliness of the notice of plaintiff's action against the uninsured motorists, we remand this issue to the trial court to determine: (1) If the insured provided timely notice of his suit in accordance with his contract of insurance, and (2) If not, whether the insured has carried his burden of proving that Hartford was not prejudiced by the delay.

The judgment of the trial court in granting Hartford's motion for summary judgment is reversed and this cause is remanded to the Circuit Court of Davidson County for such further and other proceedings that may become necessary with costs of this appeal taxed to the appellees.

_____
VERNON NEAL, SPECIAL JUDGE