IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-10385

HOME DEPOT USA INC

Plaintiff-Appellant

v.

OHIO CASUALTY GROUP MUTUAL INSURANCE COMPANY

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-24

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Home Depot USA, Inc. appeals from the district court's order granting summary judgment to Ohio Casualty Group Mutual Insurance Company. We AFFIRM the district court's judgment for the following reasons:

1. We are satisfied that Home Depot had a duty under the terms of the policy to provide timely notice of claim or suit to Ohio Casualty. The policy states that "you" refers to "the Named Insured shown in the declaration, and any other person or organization qualifying as a Named

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Insured under this policy." (Emphasis added.) A review of the policy provisions, including the additional insured endorsement and the notice provision itself, shows that Home Depot was required to provide notice.

2. We are also satisfied that Home Depot's notice of the state suit coming over seven months after the suit was filed was untimely under the applicable Tennessee law. See Reliance Ins. Co. v. Athena Cablevision Corp., 560 S.W.2d 617, 618 (Tenn. 1977) (notice is required "within a reasonable time under all the circumstances" (internal quotation marks and citation omitted)); Kelley v. Vance, 959 S.W.2d 169, 170 (Tenn. Ct. App. 1997) (stating that "it cannot be said that a delay of 4-1/2 months in furnishing the legal papers is prompt").

3. We find no error in the district court's taking judicial notice of the date Home Depot filed its answer in the state suit as part of its determination of the motion for reconsideration. Home Depot concedes this was a judicially noticeable fact, and it showed that Home Depot's notice to Ohio Casualty came five months after its answer in the state suit.

4. Home Depot fails to overcome the presumption of prejudice under state law to Ohio Casualty resulting from its untimely notice. See Am. Justice Ins. Reciprocal v. Hutchison, 15 S.W.3d 811, 818 (Tenn. 2000); Alcazar v. Hayes, 982 S.W.2d 845, 856 (Tenn. 1998). Its arguments, including the assertion that Ohio Casualty had investigated the claim in 2003 and would not have acted differently with earlier notice, are conclusory and/or unsupported by competent evidence. The correspondence proffered by Home Deport does not create a fact issue on prejudice. The June 9, 2004 letter expressly shows that Ohio Casualty wanted notice in the event of a lawsuit in order to reassess its position on both coverage and defense.

5. The district court acted well within its discretion to deny the motion for reconsideration without considering the second Atkins affidavit, which

could have been presented before the summary judgment order issued. See Lake Hill Motors, Inc. v. Jim Bennett Yacht Sales, Inc., 246 F.3d 752, 758 (5th Cir. 2001).

AFFIRMED.