IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 29, 2017 Session

## LARRYSTINE BATES v. MICHAEL J. GREENE, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
No. CT-003250-14     Felicia Corbin Johnson, Judge

---

### No. W2016-01868-COA-R3-CV

---

This appeal involves the appropriate statute of limitations applicable to a claim against an insurance company for uninsured motorist coverage.  The plaintiff-driver filed this lawsuit against the defendant-driver but was unable to serve him with the civil warrant despite repeated attempts.  Over a year after the lawsuit was filed, the plaintiff had an additional alias civil warrant issued adding her insurer as the uninsured motorist carrier, and she served the amended civil warrant on the insurer.  The insurer moved for summary judgment based on the statute of limitations.  The trial court concluded that the plaintiff's claim against the insurer in accordance with her uninsured motorist coverage arose out of the alleged negligence of the uninsured motorist, and therefore, it was governed by the one-year statute of limitations applicable to personal injury claims.  Accordingly, the trial court granted summary judgment to the insurer based on the expiration of the one-year statute of limitations.  Finding the one-year statute of limitations inapplicable, we reverse and remand for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed, and Remanded

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Cornelius Bostick, Memphis, Tennessee, for the appellant, Larrystine Bates.

Samantha Erin Bennett, Memphis, Tennessee, for the appellee, Shelter Insurance Company.

# OPINION

## I. FACTS & PROCEDURAL HISTORY

The motor vehicle accident giving rise to this litigation occurred on May 5, 2011. Within one year of the accident, on April 24, 2012, Plaintiff Larrystine Bates filed a civil warrant in general sessions court against Defendant Michael Greene, seeking to recover for losses allegedly caused by Defendant Greene's negligent driving. The civil warrant was returned unserved. On January 25, 2013, an alias civil warrant was issued for Defendant Greene, but it was also returned unserved. An affidavit from the process server indicates that he was not to be found. On July 22, 2013, an amended alias civil warrant was issued for Defendant Greene with Shelter Insurance Company, Plaintiff's uninsured motorist carrier, added as a defendant. Shelter Insurance Company ("Shelter") was served on July 31, 2013, two years after the accident occurred.

Shelter filed a motion for summary judgment, asserting that the claim against it was barred by the one-year statute of limitations applicable to personal injury actions. The general sessions court denied the motion and entered judgment in favor of Plaintiff for $9,000. Shelter appealed to circuit court, where it renewed its motion for summary judgment based on the one-year statute of limitations. In response, Plaintiff argued that she was asserting a contract claim against Shelter, subject to a six-year statute of limitations, rather than a tort claim subject to the one-year statute of limitations. Plaintiff noted that she timely filed her lawsuit against Defendant Greene and then pursued a claim against Shelter when it became apparent that she could not obtain service on Defendant Greene.

After a hearing, the trial court entered an order granting Shelter's motion for summary judgment. The court reasoned that "this cause of action is a personal injury action arising from an automobile accident and is, therefore, governed by the one-year statute of limitations set forth in Tennessee Code Annotated section 28-3-104(a)." The court rejected Plaintiff's argument that she was asserting a contract claim against Shelter and instead concluded that Plaintiff's claim "sounds in tort."

Plaintiff filed a motion to alter or amend, which the trial court denied, again reasoning that Plaintiff was "seeking to hold Shelter liable for the alleged tortious acts of the uninsured motorist," and therefore, her claim against Shelter "arises out of the alleged negligence of the uninsured motorist." Plaintiff timely filed a notice of appeal to this Court.

## II. ISSUES PRESENTED

The issue raised by Plaintiff on appeal is whether her claim against Shelter was governed by the one-year statute of limitations for personal injury actions or the six-year statute of limitations for contract actions. For the following reasons, we conclude that the one-year statute of limitations is inapplicable, and we reverse and remand for further proceedings.

## III. STANDARD OF REVIEW

Determining the applicable statute of limitations is an issue of law that we review de novo. *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 638 (Tenn. 2003).

## IV. DISCUSSION

Uninsured motorist coverage "compensates for damages caused by owners or operators of motor vehicles who either lack insurance coverage or carry coverage insufficient to pay for the damages occasioned by their negligent operation of a motor vehicle." *Sherer v. Linginfelter*, 29 S.W.3d 451, 454 (Tenn. 2000).

> It has been noted many times [] that the uninsured motorist features of liability insurance policies pose unusual and difficult questions, both substantively and procedurally. In one sense, the insured's own insurance carrier is placed in the role of a liability carrier for the uninsured motorist. Yet the insured has a direct contract with the insurance carrier for the payment of his damages. . . .
> It was clearly the intention of the General Assembly to permit the insured to pursue, insofar as possible, his ordinary tort remedy against the uninsured motorist, and at the same time to have the benefit afforded by the "family protection" or uninsured motorist coverage of his own insurance policy, up to its limits.

*Cavalier Ins. Corp. v. Osment*, 538 S.W.2d 399, 403 (Tenn. 1976). "The uninsured motorist carrier does not insure the uninsured motorist against liability. Rather, it protects the insured against inadequate compensation." *Estate of Kirk ex rel. Kirk v. Lowe*, 70 S.W.3d 77, 80 (Tenn. Ct. App. 2001) (citing 15 Tenn. Juris., *Insurance*, § 141).

In Tennessee, an action for personal injuries generally must be commenced within one year of the date the plaintiff sustained injury. *McCullough v. Vaughn*, No. M2016-01458-COA-R3-CV, 2017 WL 1536477, at *3 (Tenn. Ct. App. Apr. 27, 2017) (citing Tenn. Code Ann. § 28-3-104(a)(1); *Sims v. Adesa Corp.*, 294 S.W.3d 581, 585 (Tenn. Ct.

App. 2008)).  However, a six-year statute of limitations applies to "[a]ctions on contracts not otherwise expressly provided for."  Tenn. Code Ann. § 28-3-109(a)(3).

> In jurisdictions where the statutes relating to uninsured motorist insurance do not contain a specific provision governing the period within which claims based on such insurance must be advanced, either by suit against the uninsured motorist or against the insurer issuing the uninsured motorist coverage, or by a demand for arbitration under the policy, the issue has arisen as to the applicable general statutory limitation period for taking such action.

> The argument has been made that the applicable limitation period should be that governing actions sounding in tort, which argument is based upon the fact that despite the contractual nature of the agreement between the insurer and the insured, the suit is essentially one for the tort allegedly committed by the uninsured motorist, and the resulting injury. Thus, as no liability could be imposed upon the insurer in an action under the policy unless all the elements of a tort action are established, the limitation period applying to tort actions should control. The contrary argument has been made, however, *and generally accepted by the courts*, that despite the necessity that the insured establish that a tort was committed by the uninsured motorist, and that injury resulted, the action is nevertheless one based upon the insurance contract, on which the liability of the insurer depends, and that the contract limitation period therefore controls.

A.S. Klein, Annotation, *Automobile insurance: time limitations as to claims based on uninsured motorist clause*, 28 A.L.R.3d 580, § 3 (Most Recent Cases from 2015) (emphasis added); *see also* 7A Am. Jur. 2d *Automobile Insurance* § 601 (noting the split of authority on this issue).  "[T]he vast majority of jurisdictions to have considered this precise question have held that, because any recovery of the insured is based upon the insurance policy, without which no liability could be imposed upon the insurer, the statute of limitations for contract actions controls." *Shelter Mut. Ins. Co. v. Nash*, 184 S.W.3d 425, 427 (Ark. 2004); *see, e.g.*, *Allstate Ins. Co. v. Spinelli*, 443 A.2d 1286, 1290 (Del. 1982) ("We hereby adopt the view held by the majority of jurisdictions -- that actions based on uninsured motorist coverage claims are actions ex contractu and as such are controlled by the applicable contract statute of limitations."); *Murphy v. U.S. Fid. & Guar. Co.*, 458 N.E.2d 54, 56 (Ill. App. Ct. 1983) ("In other jurisdictions where courts have considered the applicable statute of limitations for making a claim based upon uninsured motorist insurance, it has been generally held that such claims are governed by the contract rather than the tort statute of limitations."); *Royal-Globe Ins. Co. v. Craven*, 585 N.E.2d 315, 319 n.10 (Mass. 1992) ("most, if not all, courts that have considered the

question have applied the contract statute"); *Uptegraft v. Home Ins. Co.*, 662 P.2d 681, 685 n.4 (Okl. 1983) ("Our view is in accord with that of other jurisdictions in which the courts have held that actions by insureds against their insurers under an uninsured motorist endorsement . . . are *ex contractu* and thus are governed by the principles and procedures applicable to contract actions generally"); *Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 791-92 (Tex. 1974) ("the great weight of authority is that the applicable statute of limitation is the one for written contracts rather than for torts").

The Tennessee Supreme Court considered the issue in 1966 in *Schleif v. Hardware Dealer's Mutual Fire Insurance Co.*, 404 S.W.2d 490 (Tenn. 1966). In that case, the plaintiffs' car was struck by a hit-and-run driver, and their uninsured motorist carrier denied liability under the policy's uninsured motorist coverage. *Id.* at 491. The plaintiffs filed suit against the uninsured motorist carrier over a year after the accident occurred. *Id.* The action was dismissed in the trial court on the basis that "plaintiffs' cause of action is essentially in tort and is barred by the tort statute of limitations of one year." *Id.* On appeal, the supreme court framed the issue as "whether the tort action statute of limitations of one year or the contract action statute of limitations of six years applies in a suit by the insured against his insuror for injuries suffered in an accident with an uninsured hit-and-run motorist." *Id.* The court stated,

> [F]rom our investigation of the law and the peculiar facts of this case, we are persuaded that the plaintiffs' cause of action is on the insurance contract and thus governed by the six-year statute of limitations in this State. T.C.A. § 28-309.
>
> It has been held that in the ordinary case where an uninsured motorist, identifiable and accessible, injures the insured in an automobile accident, the six-year contract statute of limitations applies as to when the insured can demand arbitration proceedings under the Uninsured Motorist Clause. *In re Motor Vehicle Indemn. Corp.*, 40 Misc.2d 970, 244 N.Y.S.2d 154 (1963); *Application of Travelers Indemn.* Co., 226 N.Y.S.2d 16 (N.Y.S.Ct.1962). In *Hill v. Seaboard Fire & Marine Ins.* Co., 374 S.W.2d 606 (Mo.App.1963), it was stated that a suit to recover under this provision is not a tort action
>
> > *** merely because the insured under the terms of the contract sued on must show he is entitled to recover damages from the owner or operator of an uninsured automobile, * * *
>
> but it is rather action on the contract.

. . . . [P]laintiffs' tort rights against the uninsured motorist, while theoretically available, would in reality be without an accompanying remedy were it not for the contract with defendant.

*Id.* at 491-92. The court observed that the plaintiffs' claim was "based on a direct contractual relationship between insured and insuror." *Id.* at 492. The court recognized that "there are instances where the gravamen of the action does not depend on what the damages are and how they are measured." *Id.* It compared the situation before it to another case in which it had applied the statute of limitations for contracts to an "action on a contract to recover for what are essentially tort damages." *Id.* Ultimately, the court considered that "plaintiffs' only action for redress of injuries is on the contract with the insurance company." *Id.* at 493. The court reasoned that "the insurance company is not the tort-feasor, its liability arises solely from the contract and not from a breach of any common law duty to refrain from tortious injury to a person." *Id.* As such, the supreme court held that "the six-year contract statute of limitations applies to this remedy" and reversed the trial court's dismissal of the action based on the one-year personal injury statute. *Id.*

In *Price v. State Farm Mutual Automobile Insurance Co.*, 486 S.W.2d 721, 724-25 (Tenn. 1972), the supreme court cited *Schlief* when concluding that the six-year statute of limitations applied to an insured's declaratory judgment claim against an uninsured motorist carrier, and not the one-year statute of limitations that would apply to a suit on the tort.[1] And, in *Cavalier Insurance Corp. v. Osment*, 538 S.W.2d 399, 404 (Tenn. 1976), the supreme court explained that an insured's claim against an uninsured motorist carrier was "not a tort action against the uninsured motorist, but [] a claim under the policy of insurance." The court also held that claims against the insurer were subject to "equitable principles such as estoppel, laches, or waiver [that] could operate to deny the insured recourse . . . despite the six-year statute of limitations otherwise obtaining." *Id.* at 405.

*Schlief* was interpreted as holding that

a suit under the standard uninsured motorist automobile policy is an action ex contractu rather than one ex delicto, even though the insured under the terms of the contract must show that he is entitled to recover damages from the owner or operator of an uninsured automobile as a prerequisite to a recovery against the insurance company.

*Story v. S. Fire & Cas. Co.*, 532 S.W.2d 277, 284 (Tenn. Ct. App. 1975) (quotation

---

[1]We note that this conclusion from *Price* was stated in separate concurring opinion in which all justices joined.

omitted).

Today, Tennessee Code Annotated section 56-7-1206 sets out the procedures a party must follow in order to bring its uninsured motorist carrier into a case against a tortfeasor.[2] *Winters v. Estate of Jones*, 932 S.W.2d 464, 465 (Tenn. Ct. App. 1996). Nine years after *Schlief* was decided, the Tennessee General Assembly passed what eventually became subsection (d) of Tennessee Code Annotated section 56-7-1206, which now provides:

> (d) In the event that service of process against the uninsured motorist, which was issued to the motorist's last known address, is returned by the sheriff or other process server marked, "Not to be found in my county," or words to that effect, or if service of process is being made upon the secretary of state for a nonresident uninsured motorist and the registered notice to the last known address is returned without service on the uninsured motorist, the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient for the court to require the insurer to proceed as if it is the only defendant in the case.

In enacting subsection (d), "the legislature intended that a plaintiff be allowed to sue the uninsured motorist carrier directly if he is unable to obtain service of process over the uninsured motorist defendant." *Brewer v. Richardson*, 893 S.W.2d 935, 938 (Tenn. 1995). The legislature intended "'to provide an efficient procedure whereby the plaintiff could obtain complete relief when injured by an uninsured motorist.'" *Id.* (quoting *Lady v. Kregger*, 747 S.W.2d 342, 345 (Tenn. Ct. App. 1987)). After the process sent to the uninsured motorist defendant is returned unserved, the plaintiff can proceed directly against the uninsured motorist carrier.[3] *Id.* at 936. Thus, subsection (d) authorizes "'a

---

[2]The Tennessee Supreme Court has described section 56-7-1206 as "remedial in nature" and explained that courts traditionally give a liberal construction to remedial statutes so long as the legislative intent is not disturbed and the result is not clearly contrary to the statutory language. *Lipscomb v. Doe*, 32 S.W.3d 840, 847 (Tenn. 2000).

[3]We note that in cases under subsection (d), once the process issued to the motorist is returned "not to be found," the plaintiff has the right under the statute to proceed directly against the uninsured motorist carrier. *Brewer*, 893 S.W.2d at 939. The plaintiff is not required to continue obtaining the issuance of alias or pluries summonses in an attempt to serve the "not to be found" motorist. *See Kirby v. Wooley*, No. E2008-00916-COA-R3-CV, 2009 WL 499539, at *5 (Tenn. Ct. App. Feb. 27, 2009) (explaining that the requirements of Tenn. R. Civ. P. 3 are suspended during a subsection (d) proceeding because to conclude otherwise would hold a plaintiff hostage to either obtaining service on the uninsured motorist or reissuing process from time to time indefinitely, which was not the intention of the legislature). Thus, subsection (d) permits "'a plaintiff to proceed directly against an uninsured motorist carrier under certain circumstances even if the uninsured motorist is never successfully served with process.'" *Id.* at *6

direct action against the uninsured motorist carrier'" in situations where the tortfeasor himself cannot be reached by process. *Id.* at 938 (quoting *Lady*, 747 S.W.2d at 342). Basically, this subsection provides that "if service issued to the tortfeasor's last known address is returned 'not to be found' or with some similar notation, service upon the insurance company will be sufficient." *Clark v. Powers*, No. E2015-02226-COA-R9-CV, 2016 WL 4413348, at \*4 (Tenn. Ct. App. Aug. 19, 2016) (*no perm. app. filed*).

On appeal, Plaintiff argues that *Schlief* is controlling and that the trial court erred in dismissing her claim against Shelter based on the one-year statute of limitations. To the contrary, Shelter argues that *Schlief* was "superseded" by passage of the uninsured motorist statute, Tenn. Code Ann. § 56-7-1206, and that Plaintiff's reliance on *Schlief* is misplaced because it "no longer has precedential authority."[4] Shelter argues that the procedure set forth in the uninsured motorist statute now controls and that a claim against the uninsured motorist carrier is "subject to the same one-year statute of limitations" as the one against a defendant-motorist. Shelter argues, "There is nothing in the language of [the uninsured motorist statute] that permits a plaintiff who intends to rely on the operation of the statute to make a claim against the uninsured motorist carrier to wait until after the service of process issued to the uninsured motorist has been returned 'not to be found' before serving a copy of the process on the uninsured motorist carrier." Respectfully, however, we discern nothing in the uninsured motorist statute that

(quoting *Webb v. Werner*, 163 S.W.3d 716, 720-21 (Tenn. Ct. App. 2004)). *See also Fagg v. Buettner*, No. M2007-02748-COA-R3-CV, 2008 WL 4876535, at \*3 (Tenn. Ct. App. Nov. 10, 2008) (rejecting the insurer's argument that the plaintiff "had a never ending duty to continue her efforts to serve [the motorist]" and explaining that she was not required to continue her attempts to serve process when previous dutiful attempts were returned "not to be found").

[4]Despite the passage of the uninsured motorist statute, courts have continued to cite *Schlief* approvingly. For example, in *Carter v. American Republic Insurance Co.*, No. 03A01-9102CV65, 1991 WL 135468, at \*4 (Tenn. Ct. App. July 25, 1991), this Court discussed *Schlief* as follows:

> There is a distinction between the underlying injuries suffered and the injury caused by the defendant. In *Schlief v. Hardware Dealer's Mutual Fire Ins. Co.*, 218 Tenn. 489, 404 S.W.2d 490 (Tenn. 1966) the plaintiffs were injured in an automobile accident and sought to recover from their insurance company under the uninsured motorist provision of their contract. The court held the action was not a "tort" merely because the underlying injuries were personal. Instead, the court focused on the redress sought and from whence the liability arose. *Id.* at 493. . . .
> The question is not whether the plaintiff is suing in contract or tort or whether the plaintiff suffered injuries to the person, but whether the plaintiff is *suing this defendant* for "injuries to the person."

*Id.; see also Allen v. Aetna Life & Cas. Co.*, No. 02A01-9201-CH-00007, 1992 WL 252509, at \*2 (Tenn. Ct. App. Oct. 6, 1992) ("We are not unmindful of the fact that the contract action statute of limitations of six years has been held to apply in a suit by an insured against his insurer for injuries inflicted by an uninsured hit-and-run motorist.") (citing *Schlief*, 404 S.W.2d at 490).

*mandates* service on an uninsured motorist carrier within one year of an accident.

In fact, this Court has previously rejected similar arguments from insurers that the uninsured motorist statute requires service on an uninsured motorist carrier within one year. For instance, in *Buck v. Scalf*, No. M2002-00620-COA-R3-CV, 2003 WL 21170328, at *1 (Tenn. Ct. App. May 20, 2003), the accident at issue occurred on March 5, 1999, and on March 2, 2000, the plaintiff filed suit against the owner and operator of the vehicle without serving his uninsured motorist carrier or giving it notice of the action. On September 1, 2000, the plaintiff for the first time made a claim against his insurance carrier for uninsured motorist coverage and had it served with summons. *Id.* The insurer moved to dismiss on the basis that the plaintiff's uninsured motorist claim was barred by the one-year statute of limitations for personal injuries due to untimely service of process. *Id.* The trial court granted the insurer's motion for summary judgment on the ground that the plaintiff's uninsured motorist claim against the insurer was barred by the one-year statute of limitations. *Id.* On appeal, this Court concluded that the plaintiff's action against the uninsured motorist carrier was *not* barred by the one-year statute of limitations. *Id.* We noted the insurer's reliance on Tennessee Code Annotated section 56-7-1206(a), which provides, in relevant part:

> (a) Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though the insurance company were a party defendant. The company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name[.]

We explained:

> In accordance with Tenn. Code Ann. § 56-7-1206 it is incumbent that suit be instituted against an uninsured motorist with service thereafter upon the insured's uninsured motorist carrier. *See Hooper v. State Farm Mut. Auto. Ins. Co.*, 682 S.W.2d 505, 507 (Tenn. App. 1984). We find no provision in Tenn. Code Ann. § 56-7-1206(a) which requires that a claim by an insured must be served upon an uninsured motorist carrier within one year from the date of a motor vehicle accident so long as the statute of limitations has not run against the uninsured motorist.

*Id.* at *2. The cases cited by the insurer for the proposition that the uninsured motorist claim was barred by the one-year statute of limitations were not instructive. *Id.* at *3. We explained that if the statute of limitations had run against the uninsured *motorist*, a

direct action could not have been maintained against the uninsured motorist *carrier*. *Id.* at *4. However, because the suit was timely filed against the uninsured motorist, we found no basis for dismissal of the claim against the uninsured motorist carrier based on the one-year statute of limitations, and we reversed the trial court's order to that effect. *Id.*

Similarly, in *Goley v. Broyles*, No. 03A01-9809-CV-00293, 1999 WL 76099, at *1 (Tenn. Ct. App. Jan. 28, 1999), the plaintiff originally filed suit only against the individual defendant driver within a year of the accident. The plaintiff later learned that the defendant was uninsured. *Id.* A summons was issued to the plaintiff's uninsured motorist carrier in January 1998, over a year after the October 1996 accident. *Id.* The insurer moved for summary judgment, claiming that the one-year statute of limitations barred the claim. *Id.* The trial judge agreed and granted the motion. On appeal, this Court held that the trial court erred in granting summary judgment to the insurer when the plaintiff had complied with the uninsured motorist statute, and we rejected the insurer's argument that the one-year statute of limitations for personal injuries applied to the plaintiff's claim against the insurer. *Id.* We found the following reasoning by the Supreme Court of Virginia persuasive, as it had considered statutory language identical to the language in our uninsured motorist statute:

> Nowhere in the language of [the statute] do we find any mention of a time period within which service is to be made [on the insurer]. If the legislature had intended to create a limitation of time for such service, we think it would have done so in explicit language . . . [A] plaintiff in a personal injury case may not discover that the tortfeasor is uninsured or underinsured (as in this case) until after the tortfeasor has been served with process, which may occur at a time after the statute of limitations has run.

*Id.* (quoting *Glenn Falls Ins. Co. v. Stephenson*, 367 S.E.2d 722, 724 (Va. 1988)). We also relied on 7A Am.Jur.2d *Automobile Insurance* § 589, which stated that the insured "need not serve the insurer before the expiration of the limitations period against the tortfeasor, provided the tortfeasor was sued before the expiration of such limitations period." *Id.*

As the Tennessee Supreme Court recognized in *Bolin v. Tennessee Farmer's Mutual Insurance Co.*, 614 S.W.2d 566, 568 (Tenn. 1981), "It is obvious that under some circumstances an insurance carrier becomes subject to a claim under these statutes at a fairly late stage[.]"[5] We find no basis in the uninsured motorist statute or caselaw for

---

[5]As an example, the *Bolin* Court explained that the uninsured motorist statute "embrace[d] a situation . . . where a tort claimant proceeds against a person apparently insured, only to discover at some point that the liability insurance carrier cannot respond to the claim." *Bolin*, 614 S.W.2d at 568. The court continued,

10

requiring the plaintiff to serve the uninsured motorist carrier within one year of the accident.

Finally, we note that in *Robbins v. City of Chattanooga*, No. 685, 1985 WL 327557, at \*1-2 (Tenn. Ct. App. Jan. 29, 1985), we likewise concluded that the plaintiffs' failure to serve process on the uninsured motorist carrier within one year was not fatal. In *Robbins*, the insurer had argued that suit against the defendant motorist *as well as process as to the carrier* must have been initiated within one year of the date of the accident. *Id.* at \*1. In response, the plaintiffs argued that although the suit against the defendant-motorist was governed by the one-year statute of limitations, once the motorist is properly in court, "notice may be given to the insurance company at any time thereafter provided the company is not prejudiced by the delay." *Id.* In *Robbins*, the court concluded that the general assembly "contemplated" that process would be issued against the uninsured motorist carrier at the same time suit against the uninsured motorist was instituted, but that failure to do so was not fatal. *Id.* at \*2. Instead, the court determined that "where service is had within the one-year period on the uninsured motorist, process served at a later date upon the carrier is valid *unless the carrier can show that its position has been prejudiced*."[6] *Id.* The court ultimately affirmed the trial court's judgment *overruling* the insurer's motion to dismiss that was based on the one-year statute of limitations but remanded with leave for the insurer "if it is able, to show prejudice to its position by appropriate pleadings and proof." *Id.*

On appeal, Shelter attempts to raise an alternative argument and suggests that if the one-year statute of limitations does not apply to bar Plaintiff's claim, then the suit should nevertheless be barred because Shelter has been prejudiced by Plaintiff's delay in serving it with process, within the meaning of *Robbins*. We need not address this issue, however, because nothing in the record indicates that it was raised in Shelter's motion for

---

Under those circumstances the tort claimant is not deprived of the benefit of his own uninsured motorist protection. It is highly unlikely that such a claimant would utilize the provisions of T.C.A. § 56-7-1206 to implead his uninsured motorist carrier unless he happened to be aware, at the inception of the tort litigation, of the unsound financial condition of the liability insurer of the alleged tort-feasor.

The rule laid down by the Court of Appeals in the present case would be a harsh one and would require every plaintiff, suing an apparently insured defendant, also to implead his own uninsured motorist carrier or otherwise lose the benefit of his coverage in the event the tort-feasor should prove to be uninsured for some reason unknown to the plaintiff.

*Id.* at 568-69. Although *Bolin* did not involve the statute of limitations, the court's concerns and observations are noteworthy here.

[6]The source of the court's exception for prejudice is not entirely clear.

11

summary judgment or otherwise argued before the trial court.  "'It has long been the general rule that questions not raised in the trial court will not be entertained on appeal.'" *Emory v. Memphis City Sch. Bd. of Educ.*, 514 S.W.3d 129, 146 (Tenn. 2017) (quoting *In re Adoption of E.N.R.*, 42 S.W.3d 26, 32-33 (Tenn. 2001)).

## V. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby reversed and remanded for further proceedings.  Costs of this appeal are taxed to the appellee, Shelter Insurance Company, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE