IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 7, 2024 Session

## CINDA HADDON v. LADARIUS VANLIER ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 20C2503     Thomas W. Brothers, Judge**

_____

### No. M2023-01151-COA-R3-CV

_____

A driver was injured in a car accident with an uninsured motorist and filed a negligence suit against the uninsured motorist. The driver served her uninsured motorist insurance carrier with notice of the lawsuit. After the driver could not obtain service of process on the uninsured motorist, the case proceeded against the insurance carrier. The case proceeded to a jury trial, where the jury found in favor of the driver. The trial court entered judgment on the verdict, awarding damages to the driver. The trial court denied the driver's post-trial motion for prejudgment interest based upon its determination that the suit was a personal injury action and that, therefore, the court could not award prejudgment interest. We have concluded that the trial court erred in classifying the claim against the insurance carrier as a personal injury action. Therefore, we reverse the trial court's order denying prejudgment interest and remand for a determination of the proper amount of prejudgment interest.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and CARMA DENNIS MCGEE, J., joined.

John A. Day and Laura B. Baker, Brentwood, Tennessee, for the appellant, Cinda Haddon.

Michael Anthony Johnson and John Dana Slater, Nashville, Tennessee, for the appellee, Auto-Owners Insurance Company.

# OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are not in dispute. On November 16, 2019, Cinda Haddon was driving her car in Davidson County when she was involved in a car accident with Ladarius Vanlier. Ms. Haddon was driving through an intersection when Mr. Vanlier turned through the intersection and caused the cars to collide. Ms. Haddon sustained injuries in the wreck and required numerous treatments to recover.

Ms. Haddon filed a complaint against Mr. Vanlier on November 12, 2020, alleging negligence and requesting a jury trial. Ms. Haddon also served a copy of the complaint on her uninsured or underinsured motorist insurance carrier, Auto-Owners Mutual Insurance Company ("Auto-Owners"). On January 8, 2021, Auto-Owners filed an answer and cross-complaint against Mr. Vanlier. Mr. Vanlier could not be served and did not appear voluntarily. Therefore, the case proceeded solely against Auto-Owners pursuant to Tenn. Code Ann. § 56-7-1206(d).[1] At a pre-trial conference between the parties, Auto-Owners elected to defend the case in its own name.

A trial was held in Davidson County Circuit Court on May 16, 17, and 18, 2023. The jury awarded Ms. Haddon $320,000 in total damages. On June 6, 2023, the court entered an order against Auto-Owners reflecting the damages award, post-judgment interest, and court costs. The court granted Ms. Haddon's post-trial motion for discretionary costs but denied her motion for prejudgment interest.[2] The trial court based its denial of Ms. Haddon's motion for prejudgment interest on its characterization of the case as a personal injury claim. The trial court reasoned that, "[e]ven though this case was a suit against an insurance company for the uninsured policy, it is nonetheless a personal injury action, and the uninsured motorist company simply steps into the shoes of the uninsured motorist and defends the case."

---

[1] Tenn. Code Ann. § 56-7-1206(d) provides in pertinent part:

> In the event that service of process against the uninsured motorist, which was issued to the motorist's last known address, is returned by the sheriff or other process server marked, "Not to be found in my county," or words to that effect, . . . the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient for the court to require the insurer to proceed as if it is the only defendant in the case.

[2] Ms. Haddon filed a notice of appeal from the order denying prejudgment interest. This Court determined that it did not yet have subject matter jurisdiction over the case because there were still outstanding issues to be resolved by the trial court. Auto-Owners then voluntarily dismissed its claim against Mr. Vanlier, and Ms. Haddon filed a motion for the court to enter a final judgment, which the trial court entered on January 10, 2024. The appeal then proceeded.

Ms. Haddon appealed and presents the following issues for our review:

1. Whether prejudgment interest is permitted as an element of damages in actions against uninsured motorist insurance carriers for the uninsured motorist coverage of the insurance policy.
   a. Whether the trial court erred in finding that [Ms. Haddon's] action against her uninsured motorist insurance carrier for the uninsured motorist coverage of the policy is a personal injury action.
   b. Whether the trial court erred in finding that prejudgment interest is not permitted as an element of damages under Tenn. Code Ann. § 47-14-123 in actions against insurance carriers on insurance policies, including uninsured motorist insurance policies.
   c. Whether the trial court erred in relying on personal injury cases to find that prejudgment interest is not available to the Plaintiff.
2. Whether the trial court erred in denying [Ms. Haddon's] Motion for Prejudgment Interest.

STANDARD OF REVIEW

Generally, in an appeal from a civil jury trial, we review the findings of fact using the standard articulated in Tenn. R. App. P. 13(d). *Creech v. Addington*, 281 S.W.3d 363, 372 (Tenn. 2009). Under that standard, a jury's factual findings will be set aside only "if there is no material evidence to support the jury's verdict." *Id.* (citing TENN. R. APP. P. 13(d)). We review the trial court's determinations on questions of law de novo with no presumption of correctness. *Thurman v. Harkins*, No. W2004-01023-COA-R3-CV, 2005 WL 1215959, at *3 (Tenn. Ct. App. May 23, 2005). In this appeal, however, there are no factual disputes between the parties. "When there is no dispute as to any material fact, 'the question on appeal is one of law.'" *Ferguson v. Jenkins*, No. E2007-02501-COA-R3-CV, 2008 WL 4949233, at *2 (Tenn. Ct. App. Nov. 20, 2008) (quoting *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993)).

ANALYSIS

I.      The nature of Ms. Haddon's claim against Auto-Owners

Ms. Haddon argues that the trial court erred in concluding that she could not be awarded prejudgment interest because her claims were for personal injury. She contends that, because she asserted claims against Auto-Owners under her insurance policy, her claims were, in fact, contract claims. Auto-Owners asserts that the court did not err because claims against uninsured motorist carriers are based on personal injury. For the reasons given below, we find that Ms. Haddon's claims against Auto-Owners are contract claims, not personal injury claims.

Uninsured motorist coverage ensures that policy holders are compensated by insurance carriers for damage caused by other motorists who do not have insurance coverage or have insufficient coverage to pay for the damage sustained. *Sherer v. Linginfelter*, 29 S.W.3d 451, 454 (Tenn. 2000). "Thus, the purpose of the uninsured motorist statute 'is to provide, within fixed limits, some recompense to innocent persons who receive bodily injury or property damage through the conduct of an uninsured motorist who cannot respond in damages.'" *Garrison v. Bickford*, 377 S.W.3d 659, 665-66 (Tenn. 2012) (quoting *Shoffner v. State Farm Mut. Auto. Ins. Co.*, 494 S.W.2d 756, 758 (Tenn. 1972)). Tennessee Code Annotated section 56-7-1206(d) allows a plaintiff "to sue the uninsured motorist carrier directly if he is unable to obtain service of process over the uninsured motorist defendant." *Brewer v. Richardson*, 893 S.W.2d 935, 938 (Tenn. 1995).

A suit brought against an uninsured motorist carrier has been described as a "hybrid" in the sense that it is a contract action that "also involve[s] tort law principles." *Gov't Emps. Ins. Co. v. Bloodworth*, No. M2003-02986-COA-R10-CV, 2007 WL 1966022, at *34 (Tenn. Ct. App. June 29, 2007). Our Supreme Court previously described this type of case as an "action on a contract to recover for what are essentially tort damages." *Schleif v. Hardware Dealer's Mut. Fire Ins. Co.*, 404 S.W.2d 490, 492 (Tenn. 1966). *Schlief* was later interpreted as holding that "'a suit under the standard uninsured motorist automobile policy is an action ex contractu rather than one ex delicto.'" *Story v. S. Fire & Cas. Co.*, 532 S.W.2d 277, 284 (Tenn. Ct. App. 1975) (quoting *Doe v. Sides*, 432 S.W.2d 889, 892 (Tenn. 1968). The Tennessee Supreme Court reasoned that these cases are based in contract "even though the insured under the terms of the contract must show that he is entitled to recover damages from the owner or operator of an uninsured automobile as a prerequisite to a recovery against the insurance company." *Doe*, 432 S.W.2d at 892 (citing *Schlief*, 404 S.W.2d at 490). Nine years after *Schlief*, the Tennessee General Assembly enacted the precursor to subsection (d) of Tennessee Code Annotated section 56-7-1206.

This Court later examined the "hybrid" nature of actions against an uninsured motorist carrier in the context of the proper statute of limitations to apply. *Bates v. Greene*, 544 S.W.3d 345, 346 (Tenn. Ct. App. 2017). In *Bates*, after a motor vehicle accident, the plaintiff filed a civil warrant against the defendant driver, who was never served. *Id.* Over two years later, the plaintiff amended the civil warrant to include the plaintiff's uninsured motorist insurance carrier. *Id.* The insurance carrier filed a motion for summary judgment, asserting that the claim was barred by the one-year statute of limitations applicable to claims arising from personal injuries. *Id.* The trial court denied this motion and awarded the plaintiff damages. *Id.* The insurance company renewed its motion for summary judgment, to which the plaintiff replied that she was asserting a contract action against the insurance company, and that, therefore, the six-year statute of limitations applied. *Id.* The trial court found that the action should be governed by the one-year statute of limitations and granted the insurer's motion. *Id.* On appeal, this Court determined that the one-year statute of limitations was inapplicable to claims arising from the uninsured motorist statute and, instead, that the six-year statute of limitations applicable to "[a]ctions on contracts not

otherwise expressly provided for" as found in Tenn. Code Ann. § 28-3-109(a)(3) was the proper limitations period. *Id.* at 347, 351. We found that the enactment of Tenn. Code Ann. § 56-7-1206 did not supersede *Schlief*'s reasoning that suits against a party's own uninsured motorist carrier are based on contract and that there was "nothing in the uninsured motorist statute that *mandates* service on an uninsured motorist carrier within one year of an accident." *Id.* at 351. Therefore, we determined that *Schlief* remained controlling. *Id.*

The trial court relied on two cases which we find inapposite. First, the trial court relied on the case of *Francois v. Willis*, 205 S.W.3d 915 (Tenn. Ct. App. 2006), in which this Court affirmed a trial court's decision not to award prejudgment interest in a personal injury lawsuit against a driver. *Francois* involved a direct personal injury lawsuit against the other driver, whereas Ms. Haddon's claims are against Auto-Owners. As we have already stated, suits against an uninsured motorist company are considered contract claims. Second, the trial court cited the case of *Hollis v. Doerflinger*, 137 S.W.3d 625 (Tenn. Ct. App. 2003), in which this Court reiterated that prejudgment interest is not available in personal injury actions. The *Hollis* case concerned an award of prejudgment interest after a wrongful death action and is, therefore, distinguishable for the same reason as *Francois*. The trial court erred in concluding that Ms. Haddon's claim against Auto-Owners was a personal injury claim.

A trial court may award prejudgment interest pursuant to Tenn. Code Ann. § 47-14-123, which states in pertinent part:

> Prejudgment interest, i.e. interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum . . . .

In the context of uninsured motorist insurance awards, prejudgment interest is "an element of, or in the nature of, damages." Tenn. Code Ann. § 47-14-123; *Malone v. Maddox*, No. E2002-01403-COA-R3-CV, 2003 WL 465668, at *5. Thus, the language of the policy itself must allow for an award of prejudgment interest under the policy's definition of "damages." *See Lewis v. State Farm*, No. W2019-01493-COA-R3-CV, 2020 WL 6499560, at *3-4 (Tenn. Ct. App. Nov. 5, 2020) (interpreting the language of an uninsured motorist policy to determine whether prejudgment interest was allowed under the definition of damages in the policy); *Thurman*, 2005 WL 1215959, at *5 ("Because the policy on its face limits the amount [the insurer] is required to pay for "all damages" in the event the uninsured/underinsured motorist coverage is triggered and pre-judgment interest is an element of damages, pre-judgment interest is encompassed by the limiting language of the policy."); *Malone*, 2003 WL 465668, at *5 ("Under the [uninsured motorist] coverage, [prejudgment interest] is a part of the covered damages because 'all damages' means just

that, all damages, and, by statute, prejudgment interest is an element of the injured party's damages.").

In this case, the appellate record does not expressly reflect a determination that the policy at issue covered prejudgment interest, and the policy itself is not included in the record. However, the policy was submitted as an exhibit to the trial court. Based upon this fact, the absence of any argument concerning this issue by either party on appeal, and several statements and stipulations of counsel,[3] we infer that there was no dispute over whether the insurance policy covered prejudgment interest.

Therefore, we conclude that the trial court had the discretion to award prejudgment interest to Ms. Haddon against her uninsured motorist carrier.

II.      Discretionary decision concerning the propriety of prejudgment interest

Although the trial court concluded that it could not award prejudgment interest based upon its characterization of the case as a personal injury action, the court included an analysis of the equities in its order and found that, if prejudgment interest was legally available, the equities weighed in favor of an award to Ms. Haddon in the present case. The decision regarding whether to award prejudgment interest is "within the sound discretion of the trial court." *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). Therefore,

---

[3] Regarding the existence of the uninsured motorist policy, its coverage limits, and any offsets applicable, the following exchange took place at trial:

| Ms. Haddon's counsel: | One thing, your Honor. We just wanted to make the record clear and I'm going to attempt to state orally a stipulation we have on the presence of a UM policy in this case. We've already introduced evidence that it was purchased and it was paid for, and we want to just formally state that the policy number is 4940305900. The insurance policy limits, which I think is important too, well, not so important to us, is $500,000 per person, $500,000 per accident. There are some offset provisions concerning medical expenses that I think are applicable. We could deal with that by post-trial motion or agreement if necessary. Is that a fair summary? |
|---|---|
| Auto-Owners' Counsel: | I mean, your Honor it's in the answer. It's been the answer since day one. Limits the number and the existence of it isn't undisputed. |

We infer from these statements that the policy did not exclude an award of prejudgment interest. *See Lewis*, 2020 WL 6499560, at *3-4 (concluding that prejudgment interest was covered under the policy, which provided that it would pay "all damages" resulting from bodily injury and which did not expressly exclude prejudgment interest in the policy exclusions).

we must determine whether the trial court abused its discretion in finding that the equities favored an award of prejudgment interest to Ms. Haddon. "An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011).

In the order denying prejudgment interest, the trial court found that equitable considerations weighed in favor of granting Ms. Haddon prejudgment interest, stating, "It was clear that the injuries sustained by Ms. Haddon were caused by an uninsured motorist for which she had a policy of coverage up to $500,000.00." The court, citing *Myint*, stated that, in Ms. Haddon's case, the existence of Auto-Owners's liability was clear and unambiguous and that the amount of the obligation is not required to be known with specificity. Therefore, the court found that these factors weighed in favor of an award of prejudgment interest.

Based upon the case of *Louisville & N.R. Co. v. Wallace*, 17 S.W. 882, 883 (Tenn. 1891), Auto-Owners argues that, when a court is determining whether to grant an award of prejudgment interest, there are two categories of cases: those where the plaintiff is entitled to the fixed or definite sum of money and those where the damages are not susceptible of definite and accurate computation. Auto-Owners contends that under this "*Wallace* rule," courts may only award prejudgment interest in cases that fall into the first category and that Ms. Haddon's claim fell into the second category of cases. Therefore, Auto-Owners argues the court did not abuse its discretion in denying prejudgment interest.

Auto-Owners's argument, however, fails to acknowledge our Supreme Court's more recent decisions regarding the availability of prejudgment interest, which have rejected applying such rigid tests. *See Scholz v. S.B. Intern., Inc.*, 40 S.W.3d 78, 83 (Tenn. Ct. App. 2000) ("The Tennessee Supreme Court used *Myint v. Allstate Ins. Co.* to articulate a different, more flexible, standard for considering prejudgment interest claims."). In *Scholz*, we interpreted the Supreme Court's decision in *Myint* as providing a standard that weighed in favor of awarding prejudgment interest, stating:

> [T]he Court first held that "uncertainty of either the existence or amount of an obligation does not *mandate* a denial of prejudgment interest." *Myint v. Allstate Ins. Co.*, 970 S.W.2d at 928. Second, the Court overruled all previous cases suggesting that prejudgment interest should not be awarded if the claim is reasonably disputed. *Myint v. Allstate Ins. Co.*, 970 S.W.2d at 928 n.7. In place of these rigid tests, the Court articulated the following standard:
>
>> Simply stated, the court must decide whether the award of pre-judgment interest is fair, given the particular circumstances of the case. In reaching an equitable decision, a court must keep

- 7 -

in mind that the purpose of awarding the interest is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize the defendant for wrongdoing.

*Myint v. Allstate Ins. Co.*, 970 S.W.2d at 927.

As we construe the *Myint* decision, the Tennessee Supreme Court has shifted the balance to favor awarding prejudgment interest whenever doing so will more fully compensate plaintiffs for the loss of use of their funds. Fairness will, in almost all cases, require that a successful plaintiff be fully compensated by the defendant for all losses caused by the defendant, including the loss of use of money the plaintiff should have received.

*Id.* Therefore, we believe *Wallace* is best kept to its central holding: prejudgment interest is not available in personal injury actions, and *Myint's* more flexible rule applies here.

Under *Myint*, "[t]he uncertainty of either the existence or amount of an obligation does not *mandate* a denial of prejudgment interest." 970 S.W.2d at 928. Instead, "certainty of the plaintiff's claim is but one of many nondispositive facts to consider when deciding whether prejudgment interest is, as a matter of law, equitable under the circumstances." *Id.* If either the "existence or amount of an obligation is certain," this will weigh in favor of awarding prejudgment interest. *Id.* Equity remains the "foremost" consideration for the trial court. *Id.* at 927. This court has previously rejected the argument that uncertainty of the proper amount of recovery alone precludes an award of prejudgment interest. *See*, *e.g.*, *Brough v. Adcroft*, No. W2001-00786-COA-R3-CV, 2002 WL 256739, at *3 (Tenn. Ct. App. Jan. 17, 2002) ("Certainty of *either* the existence of a claim *or* the proper amount of damages helps support awards of prejudgment interest."). In the context of uninsured motorist insurance policies, we recently stated that "uncertainty as to the amount of a plaintiff's claim is not fatal to an award of prejudgment interest." *Lewis*, 2020 WL 6499560, at *5.

Here, the trial court found that the existence of Auto-Owners' obligation was certain. It was undisputed that Ms. Haddon was covered under an uninsured motorist policy and that she was entitled to payment under the policy. Auto-Owners argues that the equities do not weigh in favor of an award of prejudgment interest because Ms. Haddon's damages were not certain, and Auto-Owners had reasonable grounds on which to dispute her claims. As discussed above, we find this argument unpersuasive. We find no abuse of discretion in the trial court's ruling that the equities favor an award of prejudgment interest here, and we remand the matter to the trial court for a determination of the amount of prejudgment interest to award Ms. Haddon.

CONCLUSION

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed against the appellee, Auto-Owners Mutual Insurance Company, for which execution may issue if necessary.


/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE